MARIA E. BENNETT & others *vs.* JENNIE M. KIMBALL.

Suffolk.    December 13, 1899. — January 5, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Power of Equity Court to enjoin Administrators — Jurisdiction of Probate Court.*

An administrator is not to be enjoined from performing his duties by an equity court on the ground that his appointment ought to be revoked. The remedy is by probate proceedings.

PETITION IN EQUITY, to the judge of the Probate Court, praying that the respondent's appointment as administratrix of the estate of Oliver S. Foster be declared void, the letter of administration cancelled, an injunction issued, and a receiver or some other similar official appointed. The respondent demurred, assigning as ground therefor that " the petitioners have a plain, adequate, and complete remedy at law by petition to vacate said appointment and said decree of the Probate Court appointing the respondent administratrix is conclusive, and cannot be set aside in equity." The demurrer was sustained, and the petitioners appealed to this court. The decree sustaining the demurrer was affirmed, the bill was dismissed without prejudice, and the case was remitted to the Probate Court for further proceedings. The petitioners appealed to the full court.

*W. H. B. Cotton & W. R. Sears*, for the petitioners.

*A. Hemenway*, (*W. F. Kimball* with him,) for the respondent.

HOLMES, C. J. The jurisdiction in equity given to the probate courts by St. 1891, c. 415, § 1, is a jurisdiction concurrent with that of other equity courts. Therefore the equitable relief sought in this case may be tested by supposing the bill to have been brought in the Superior Court. The difficulty then becomes manifest that a court of equity is asked to interfere with the performance of his duties by an officer appointed by another court, on the ground that it is hoped that hereafter the latter court may reverse its action and revoke the appointment. Ordinarily when an injunction is granted, on the ground, for instance, that a case is stated in the bill for a conveyance, the final relief which is expected later is to be given by the same court and in the same proceeding, and the injunction issues on the footing that a probability of such further action is made out sufficiently to justify preserving the present condition of things in the meantime.

But supposing this difficulty not to be conclusive, as stated, we are of opinion that it becomes so when taken in connection with the relief that can be had through the regular probate channel. If the bond is not sufficient a surety can be asked for, and the penal sum increased at once, before acting on the question of the respondent's removal. Pub. Sts. c. 143, § 5. It seems to us better that the responsibility of the Probate Court for making proper appointments, and securing those interested against the misconduct of its appointees, should not be interfered with or divided. It is true that this petition was an application to the probate judge. But an application in equity to the probate judge for equitable relief stands like a bill in equity in other courts, and cannot be helped out by considering his powers in another capacity. As we have remarked already, his jurisdiction in equity is concurrent.

It follows from what we have said that if this be regarded as a bill in equity and nothing more, it should be dismissed. If it is an attempt to unite a bill in equity with a probate petition, it equally is bad, because the two proceedings cannot be joined.

*Decree affirmed.*