HENRY F. WOODARD & another, trustees, *vs.* FREDERIC E. SNOW &, others, trustees, & others.

Suffolk.　　March 10, 11, 1919. — June 24, 1919.

Present: RUGG, C. J., LORING, DE COURCY, & PIERCE, JJ.

*Compromise of Controversy concerning Will. Will. Assignment. Equity Pleading and Practice,* Decree. *Estoppel. Contract,* Repudiation. *Equity Jurisdiction,* To enforce assignment of part of claim for payment of debt.

Where, by the provisions of a certain will, the interest of the son of the testator in a trust was inalienable and non-assignable and an agreement for a compromise of a controversy concerning the will, which struck out such provision and inserted a clause providing for a trust which gave the son an interest which was assignable, was assented to by all parties in interest and by a guardian *ad litem* representing the interests of certain minors, and, upon a suit in equity in the Supreme Judicial Court under R. L. c. 148, §§ 15–18, by those named as executors in the will for confirmation of the agreement, all persons interested were parties and it was adjudged and decreed that the compromise was "just and reasonable" and a decree ratifying and confirming it was entered from which no appeal was taken and which never was reversed, such decree, whether erroneous or not, cannot be attacked in a suit by a trustee, to whom the son assigned his interest under the trust, to enforce the assignment, but stands as the law of that case, in which the rights of the parties are to be determined upon the footing of the provisions of the will as changed by the agreement of compromise and not upon a construction of the will as it appeared when offered for proof.

An assignment, by a beneficiary of a trust under a will, of an assignable vested expectant interest in the income of the trust, made in good faith for a valuable consideration to a trustee for certain of his creditors to be used for the payment of their claims, whether it be treated as a partial or a full assignment of income, cannot successfully be attacked by the assignor himself or by a trustee in bankruptcy of his estate appointed in proceedings begun more than four months after the assignment was effected.

Where a beneficiary under the provisions of a trust is entitled to a certain fractional portion of the income of the trust semiannually, such right is a present, equitable right of ownership which ripens into an ordinary property right when the income accumulated in the hands of the trustee becomes payable, and an assignee from the beneficiary of his interest in the trust succeeds to such right and may enforce it in equity.

BILL IN EQUITY, filed in the Supreme Judicial Court on June 12, 1918, by the trustees under an assignment by Benjamin P. Cheney for the benefit of certain of his creditors against Benjamin P. Cheney, the trustees under the will of his father, who also was named Benjamin P. Cheney, and the trustee in bankruptcy of the son, to reach and apply to the payment of those creditors who were beneficiaries under the assignment the interest, if any, of the defendant Cheney under his father's will.

The suit was heard by *Crosby, J.*, who filed a memorandum of findings of fact and rulings of law, substantially as follows:

"In 1895 Benjamin P. Cheney, father of the defendant of the same name, died testate, and thereafter a controversy arose and objections were made to the probate of his will, which resulted in the filing of a petition in this court for a compromise of the respective claims of the parties. The defendant Benjamin P. Cheney was one of the executors and trustees named in the will and a petitioner for the compromise, and a defendant named therein as an individual. The agreement for compromise was approved by this court in 1896. The will was duly allowed, and thereafter the will and the compromise agreement were carried out and the defendant Cheney received, under the ninth paragraph of the agreement of compromise, payments of income from his father's estate. On April 6, 1914, the defendant Cheney executed and delivered to the plaintiffs an assignment of his income from his father's estate 'to the extent of eighty per cent thereof, but in no event to be less than $50,000, provided the income shall amount to the sum of $50,000,' to secure the payment of certain notes amounting to $107,500. The plaintiffs are trustees for the holders of these notes. The trustees of the Cheney estate in writing acknowledged the assignment soon after its execution. Another instrument in writing, dated April 10, 1914, was also executed and delivered by Cheney to the plaintiffs. . . . The assignment to the plaintiffs above referred to was subject to two previous assignments given by Cheney to secure certain other indebtedness owed by him, all of which has been fully paid by the trustees. No part of the principal of the notes above referred to, amounting to $107,500, has been paid to the plaintiffs or those whom they represent. On November 3, 1917, after paying all the sums due on the assignments given by Cheney previous to

the assignment to the plaintiffs, there remained in the hands of the trustees a balance of income due to Cheney amounting to $15,586.77; there is also in the hands of the trustees due to Cheney the sum of $23,000, which had accumulated as income on May 4, 1918. On December 28, 1917, an involuntary petition in bankruptcy was filed against Cheney in the District Court of the United States for the District of Massachusetts, and thereunder he was adjudged bankrupt on January 14, 1918. The claims represented by the plaintiffs have not been proved in bankruptcy. . . . The trustee in bankruptcy contends that the assignment to the plaintiffs is void as to him. The defendant Cheney seeks to repudiate the assignment given by him to the plaintiffs and contends that he was without power to make it, and that neither the plaintiffs nor the trustee in bankruptcy is entitled to any part of the income.

"I find that the assignment was given by Cheney to the plaintiffs for a present and valuable consideration; that it was given in good faith and without fraud, either actual or constructive, but was given to secure a valid existing indebtedness. I rule that the defendant Cheney was authorized in law to make the assignment and is estopped to repudiate it. Whether it is to be treated as a partial or a full assignment of income is in my opinion immaterial in view of my findings hereinafter stated.

"I find that the trustees in writing acknowledged the assignment when it was given by Cheney to the plaintiffs and never objected to it. I also find from all the evidence and the reasonable inferences to be drawn therefrom that the trustees not only recognized the assignment, but assented to it, and impliedly promised to pay the plaintiffs in accordance with its terms the amount due them thereunder after the amounts due upon the previous assignments had been paid, and that they never took any different position until they received notice from the defendant Cheney that he claimed that the income should be paid to him individually.

"I find that in this suit the trustees consider themselves merely stakeholders, and only decline to pay the amount in their hands to the plaintiffs because the defendant Cheney has made claim to the fund and requested that the trustees should not pay it to the plaintiffs.

"I am of opinion and rule that in this suit the trustee in bank-

ruptcy has no other or greater right to the income than Cheney in the absence of fraud, which I do not find exists, and so long as the assignment was not void at common law and was not made in contravention of any of the provisions of the bankruptcy act. I find and rule that it was not void at common law, and is not in violation of the bankruptcy act. I find if material that the plaintiffs did not know or have reasonable cause to believe that Cheney was insolvent at the time of the execution and delivery to them of the assignment of April 6, 1914, and of the instrument dated April 10, 1914.

"In view of my findings that the trustees of the Cheney estate recognized the assignment and assented to it and impliedly promised to pay the amount due, I rule that in equity at least it is valid whether it was an assignment of the whole income or a part of it, and that neither Cheney nor the trustee in bankruptcy is entitled to it, except as to such amounts as may be in excess of eighty per cent of the total income in any year, until the plaintiffs' claims have been satisfied.

"I find that the plaintiffs have paid insurance premiums amounting to $2,070 on certain policies of insurance taken out by Cheney upon his life as additional security for indebtedness owed to the plaintiffs, which policies are held by them, and that they are entitled under the terms of the assignment to be reimbursed for such amounts so paid with interest.

"A decree is to be entered directing the trustees of the Cheney estate to pay to the plaintiffs the total amount of net income now in their hands which would otherwise be paid to the defendant Cheney under the ninth clause of the compromise agreement, and also directing the trustees to pay annually out of future income which may become due to Cheney under the ninth paragraph of the compromise agreement up to eighty per cent of the total amount thereof, and not less than $50,000 annually (if it should amount to that sum), until the principal of the notes amounting to $107,500 and interest, and the $2,070 paid by the plaintiffs as premiums on life insurance and interest thereon, and other sums which hereafter may become due to the plaintiffs under the assignment have been fully paid. . . .

"The plaintiffs are to recover costs of suit as against the defendant Cheney and the trustee in bankruptcy."

By the agreement of compromise as to the will of Benjamin P. Cheney, the father of the defendant of that name, which, as stated in the opinion, was adjudged "just and reasonable" and was confirmed by a decree of the Supreme Judicial Court for Norfolk County, modifications were made in the will's provisions which, so far as material to this decision, were as follows:

The third article of the will, which, among other provisions, made an absolute gift to the defendant Cheney of $100,000, was "stricken from said will." The ninth article also was "stricken from" the will. It read, so far as material, as follows: "Whenever and as soon as my sons shall respectively arrive at the age of thirty years, or in case of their marriage at an earlier age, then upon the event of such marriage, I direct my trustees to make an advancement to such son of the sum of one hundred and fifty thousand dollars in securities to be selected by said trustees at the par value thereof; . . . and thereafterwards I direct my said trustees to make an advancement of Fifty thousand dollars in like securities at par when each son shall attain the age of thirty-five years, and a like sum in like securities when each of said sons shall respectively attain the age of Forty years, of Forty-five years and Fifty years, each advancement of Fifty thousand dollars to be made in the securities of my estate to be taken at the par value thereof and selected by my said trustees . . ."

The entire twelfth article also was "stricken from" the will. So far as material it read as follows:

"If in the event of misfortune to either of my children, the gifts and advancements made to them should be lost, whether by error of judgment or otherwise, I authorize my said trustees to appropriate from such surplus income, such sums as in their discretion they may think reasonable and proper, and apply the same to the support of such child, and his or her children, and especially to exercise such discretion in favor of the issue of any child who may decease before such final distribution without leaving sufficient estate or means of support for such issue. All such sums are to be charged as advancements to be deducted from the share of such child or his or her representatives in said final distribution and interest shall be computed on these advances."

A fifteenth article, which provided for a final distribution of

the estate after the death of the survivor of the testator's children, also was "stricken from" the will.

By the decree ratifying and confirming the compromise agreement, certain new provisions were added to the will, among others a provision giving to the defendant Cheney $615,000 outright and a provision directing trustees of the residue as follows:

"Ninth. To divide the net income of the residue of the estate remaining after carrying out all the provisions of said will as hereinbefore modified by this agreement equally among the children of the said testator, such division and payment to said children to be made semi-annually during the lives of each. And in the event that any child shall die at a time intermediate between said payments, said trustees shall pay to the legal representatives of such child a proportionate part of said income; provided, however, that upon the death of any child of the testator the trustees shall pay and deliver a share of the principal of said residue held by them and not needed for carrying out any provisions of this trust remaining unfulfilled, not including in such unfulfilled provisions the division among the children of the net income of the residue, which share shall be proportioned to the number of said children, including in the enumeration for the purpose of establishing such proportion such child so dying (but not including any child previously deceased whose share of principal has been previously paid over), to the executor or executors of such deceased child to be disposed of as provided in his or her will, or, if such child shall die intestate, to his or her legal representatives to pass or be distributed under the Statutes of descent and distribution then in force in this Commonwealth."

A final decree was entered in accordance with the order of the single justice. The defendant Cheney and the defendant Forbes, trustee in bankruptcy, appealed.

*S. M. Child,* for the defendant Cheney, individually.

*J. W. Burke,* (*J. L. Hall* with him,) for the defendant Forbes, trustee in bankruptcy.

*R. Cushman,* (*R. G. Dodge* with him,) for the plaintiffs.

PIERCE, J. This is a suit in equity brought by the plaintiffs, as trustees for certain creditors of the defendant Benjamin P. Cheney under a trust for such creditors created and established

by a sealed agreement and an assignment dated respectively April 6 and April 10, 1914, against the trustees under the will of Benjamin P. Cheney, the father of the defendant of that name, to reach and apply the interest, if any, of the defendant Cheney under the will to the payment of the claims of the aforesaid creditors against Cheney as established by the instrument of trust.

In 1895 Benjamin P. Cheney died testate. By a decree of the Probate Court for the County of Norfolk his will was admitted to probate and the defendant Cheney was duly appointed one of the executors and trustees thereof. An appeal from said decree was taken by the widow and certain heirs to the Supreme Judicial Court for said county. While the appeal was pending, an agreement by compromise was executed by all persons who would "be entitled to the estate . . . under the statutes regulating the descent and distribution of intestate estates," "subject to the approval of the Supreme Judicial Court." After the appointment of a suitable person to represent certain minors interested under the provisions of said will and all future subsequent interest which may arise under the same, and upon the report of that person that the compromise and agreement "sought by said bill to be confirmed by the decree of this court is just and reasonable in its effects upon the interests of such minors and such future contingent interests, . . . is just and reasonable," a single justice of this court, by decree entered March 27, 1896, and unreversed, found the compromise and agreement "is just and reasonable" and ordered that the written agreement of compromise be "ratified and confirmed." He also ordered "that the decree of the Judge of Probate for Norfolk County allowing and approving said instrument purporting to be the last will and testament of said Benjamin P. Cheney be affirmed, as provided in and subject to the terms of said agreement."

The defendant Cheney's first contention is that the interest given him by the will was one which could not be assigned.

His second proposition is that under the decisions of this court (see *Ellis* v. *Hunt*, 228 Mass. 39; *Baxter* v. *Treasurer & Receiver General*, 209 Mass. 459) parties in making a compromise of a controversy as to the validity of an alleged will under the statutes (now R. L. c. 148, §§ 15–18) have no right to make a new will for

the testator, and from this it follows (especially when the compromise is carried out by the will being admitted to probate) that the nature of the interest given a legatee is that described in the will.

In the case of the agreement of compromise of the will of the defendant Cheney's father, here in question, the parties did undertake to change the nature of the interest given to the defendant Cheney, and the agreement of compromise was confirmed by a decree of a single justice of this court made on March 27, 1896.

By the agreement of compromise, which was confirmed by this decree, the interest given to the defendant Cheney was an interest which could be assigned. The decree confirming this agreement of compromise has not been reversed. Whether that decree was or was not an erroneous one is not material. This court had jurisdiction of the parties and of the subject matter of the cause in which that decree was made. It follows that this unreversed decree is the law of this case and that the rights of the parties are to be determined upon the footing that the terms of the will were changed by the agreement of compromise and not upon a construction of the will as it appeared when offered for probate.

Under the unrevoked decree of this court the defendant Cheney had an assignable interest to the amount of $615,000, and also a vested assignable expectant interest in the income from a trust estate, which he could sell or assign in payment of or to secure the payment of any present or future maturing obligations. *Richardson* v. *White,* 167 Mass. 58. *Putnam* v. *Story,* 132 Mass. 205, 212. *Holbrook* v. *Payne,* 151 Mass. 383. *Andrews Electric, Inc.* v. *St. Alphonse Catholic Total Abstinence Society, ante,* 20. The single justice of this court upon the evidence reported by the commissioner was warranted in finding, as he did, that the instrument of assignment and agreement, under which the plaintiffs make claim to the fund in the hands of the trustees, was given by Cheney "to the plaintiffs for a present and valuable consideration . . . in good faith and without fraud, either actual or constructive," and "was given to secure a valid existing indebtedness." As the assignment was made in good faith upon a present consideration for the payment, and securing the payment of an admitted obligation of Cheney to

some of his creditors, and was made more than four months before the commencement of bankruptcy proceedings against Cheney, it was good between the parties and against the trustee in bankruptcy, whether the assignment be treated as a partial or full assignment of income. *Bridge* v. *Kedon,* 163 Cal. 493; *S. C.* 43 L. R. A. (N. S.) 404, and cases collected. *Andrews Electric, Inc.* v. *St. Alphonse Catholic Total Abstinence Society, ante,* 20.

The right of Cheney and the right of the assignee to receive the income of the trust fund was a present, equitable right of ownership which ripened into an ordinary property right when the income, accumulated in the hands of the trustee, became payable under the terms of the trust; and was not a right or an assignment of a right in a debt to be created in the future or of the bare possibility of there ever being such a debt. *Wainwright* v. *Sawyer,* 150 Mass. 168. *Cummings* v. *Stearns,* 161 Mass. 506. *Huntress* v. *Allen,* 195 Mass. 226. *Clarke* v. *Fay,* 205 Mass. 228. We are of opinion that the trust in favor of the plaintiffs attached to any undistributed income in the hands of the trustees after payment in full of the two prior assignments.

The decree of the single justice should be affirmed, with costs.

*Decree accordingly.*