NEWBURYPORT SOCIETY FOR RELIEF OF AGED WOMEN *vs.* THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE & others.

Suffolk.   October 6, 1941. — December 30, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Judgment.   Estoppel.   Devise and Legacy,* Acceptance.   *Will,* Compromise.   *Equity Pleading and Practice,* Decree.   *Probate Court,* Parties.   *Harvard University.*

A final decree of the Supreme Judicial Court for a county, entered in 1889, and still in force, in a suit in equity which included as parties all persons presently and contingently interested in an estate of a decedent and in a contest respecting his will there pending on appeal from the allowance of the will in the Probate Court, including Harvard College, which decree ratified and confirmed an agreement of compromise, made by all the parties and including a recital that the college "has accepted, and does accept" a bequest to it, affirmed the decree of the Probate Court "as provided in, and subject to the terms of said agreement" and declared the agreement "valid and binding upon all parties thereto and all the parties" to the bill, "their heirs and legal representatives and upon all future contingent interests under said will," was a judgment effectuating such recital as one of the terms of the agreement and estopped one of the parties to the agreement and the suit from later contending that there had been no acceptance of the bequest by the college.

The interests of certain remaindermen under a will, contingent upon certain charitable corporations ceasing to exist before they could come into possession of funds which were to be paid to them, if at all, upon final distribution under the will immediately pending, in the circumstances were so remote that determination of a suit, which had been fully argued in this court upon appeal, should not be delayed to bring them in as parties.

PETITION in equity, filed in the Probate Court for the county of Suffolk on February 14, 1940.

The petitioner appealed from a decree dismissing the petition, entered by order of *Mahoney,* J.

The proceedings as to the contest respecting the will of

John Q. A. Williams were under the practice as it existed before St. 1919, c. 274. There was a decree of the Probate Court for the county of Suffolk allowing the will and codicils on January 31, 1887; an appeal therefrom to the Supreme Judicial Court for the county of Suffolk; the agreement of compromise described in the opinion; a bill in equity filed in that court on January 3, 1889, between those who had been named by the Probate Court as administrators with the will annexed, parties to that agreement, and all other parties to the agreement, seeking in substance ratification and confirmation of the agreement, affirmation of the decree of the Probate Court "as provided in the said agreement" and authority and power in the said administrators and the trustees under the will to administer the estate according to the will and codicils "in the manner provided" in the agreement; the decree on that bill, dated January 3, 1889, described in the opinion; also a decree of the same court entered on the same date affirming the decree of the Probate Court "as provided in and subject to the terms of the agreement annexed to" the bill in equity, "all in accordance with and as more fully set forth in the final decree" in that suit.

*S. L. Bailen,* (*H. Snyder* & *P. I. Lawton* with him,) for the petitioner.

*Amos L. Taylor,* (*A. Leavitt Taylor* with him,) for the respondents Charles Francis Adams and another, trustees.

*E. B. Hanify,* for The President and Fellows of Harvard College.

QUA, J. The object of this petition in equity is to obtain final distribution to the petitioner and the Home for Aged Men in Boston in equal shares of a trust fund of the residue under the will of John Q. A. Williams, late of Boston. The will was admitted to probate in 1889, after a contest had been settled by an agreement of compromise to which all persons interested were parties and which was ratified and confirmed by decree of this court on January 3 of that year. G. L. (Ter. Ed.) c. 204, §§ 15–18. The last annuitant to whom income has been paid under the terms of the trust has recently deceased.

By the thirty-second article of his will the testator provides in substance that after the payment of all bequests, legacies, and annuities the trustees shall pay to Harvard College the residue and remainder of the estate in their hands, to be held by the college forever in a trust to be known as the "Williams Fund," to be accumulated until it amounts to $200,000 (if not already of that amount), and then to apply the income to the aid of young men who are poor, but show indications of talent, energy and application in securing an education.   Each young man who receives benefit is to give his note "therefor" bearing legal interest "to be regarded and paid . . . as a debt of honor" but not to be enforced at law.   Income not so lent and all moneys received from the payment of notes are to be added to the principal until the fund shall amount to $400,000. A second fund of $200,000 is then to be set apart and the whole income of the second fund and any unexpended income of the first fund are to be devoted to the general interest and benefit of the college library, "the wants and requirements" of which the testator states are in his judgment "without limit."

By the thirty-third article the testator provides that if the college does not "accept this bequest or legacy upon the conditions and trusts above specified" the remainder, when it amounts to $200,000, shall be distributed in equal shares to the Home for Aged Men in Boston and to the present petitioner, with a further provision that in case either of these corporations should cease to exist before it comes into possession of the "legacy" its share shall be equally divided among the children of the testator's brother James M. W. Williams, "or their legal heirs and representatives."

The petitioner's case rests upon the contention that Harvard College never accepted the bequest contained in the thirty-second article, and that therefore a half interest in the trust fund passed to the petitioner under the thirty-third article.   In our opinion the evidence shows conclusively that the college must be deemed to have accepted the bequest and that therefore nothing passed to the petitioner.

It is conceded that under the so called "original charter" of 1650 incorporating the previously existing Harvard College, the President and Fellows constitute the body empowered to accept gifts. At a meeting of the President and Fellows on September 25, 1888, while the controversy over the probate of the will was still pending, William G. Russell, Esquire, who appears to have acted as counsel for the college in the matter, "advised the Corporation to enter into a compromise and settlement of the John Q. A. Williams will case now pending in the Supreme Judicial Court" and stated substantially the proposed terms of settlement, which were in brief outline, in so far as they affected the college, approximately the terms appearing in the agreement of compromise as later finally concluded, and thereupon it was "Voted that Edward W. Hooper, the Treasurer of the College, be given full powers on its behalf to enter into such a compromise and settlement as he shall think fit." Under date of November 13, 1888, the formal agreement of compromise was executed by all parties interested in the estate and in the pending contest, including the petitioner and the Home for Aged Men in Boston. The college executed the agreement by E. W. Hooper, as treasurer. The agreement, omitting details not material to this case, provided that the will and codicils should be admitted to probate but in subordination to the terms of the agreement; that all pecuniary legacies should be paid; that half the residue should be turned over to the daughter and sole heir of the testator; and that the remaining half (wherein are included the interests of the beneficiaries who are parties to the present suit) should be administered according to the terms of the will as modified by the agreement. Harvard College is referred to in the agreement as a corporation which "has accepted, and does hereby accept the bequest or legacy to it by said will made, upon the conditions and trusts in said will specified, said corporation . . . [and the testator's daughter and granddaughter] being the only legatees and devisees whose rights are varied by the proposed settlement from what they would have been were there no claim that the said will is invalid, that is to say, said cor-

poration being the only legatee that is not to be paid in
full."

Thereafter, upon the filing of a bill in this court to which
all those interested were parties, including the college and
the present petitioner and the Home for Aged Men in
Boston, a final decree was entered ratifying and confirm-
ing the agreement of compromise, affirming a decree of
the Probate Court allowing the will and codicils "as pro-
vided in, and subject to the terms of said agreement," and
providing that the agreement "be declared valid and bind-
ing upon all the parties thereto and all the parties to this
bill their heirs and legal representatives and upon all future
contingent interests under said will." The decree contains
a recital (conclusive, at least in the absence of proof to the
contrary, *Neafsey* v. *Chincholo*, 225 Mass. 12, 17) that all
persons entitled to claim as legatees have been made parties
and have assented to the prayer of the bill. This decree
is still in force. Under it the rights of the parties no longer
rest solely upon the will and the contract as such. In
*Brandeis* v. *Atkins*, 204 Mass. 471, at page 474, it was said
of this same agreement and decree that "the rights of the
parties growing out of the agreement rest upon it *and
the decree confirming it*, and are not testamentary rights"
(italics ours), and in *Woodard* v. *Snow*, 233 Mass. 267, 274,
a similar unreversed decree was referred to, whether erro-
neous or not, as "the law of this case." See *Ellis* v. *Hunt*,
228 Mass. 39.

The decree gives the permanent effect and vitality of a
judgment to the agreement of compromise and to every
part and term of that agreement. It renders every clause
of that agreement, including the clause that the college
"does hereby accept the bequest or legacy to it . . . upon
the conditions and trusts in said will specified" and the
statement that the college is the only "legatee" that is not
to be paid in full, binding as a judgment upon the present
petitioner and upon the college and upon the Home for
Aged Men in Boston. These clauses are integral parts of
the agreement and not mere statements by the college made
separately and apart from the other parties. The agree-

ment is in part predicated upon these provisions, and upon the expectation that the college was to take the remainder of the trust fund after payment of the pecuniary legacies and annuities. So far as we can know the agreement would not have been made or confirmed by the court without these provisions.

The petitioner argues that it was the duty of the President and Fellows themselves to pass upon the acceptance of a gift; that they had no power to delegate to the treasurer authority to accept; that they did not by their vote purport to delegate to him authority to accept the bequest but purported to delegate only authority to compromise the will contest; and that therefore the signature of the treasurer to the agreement of compromise did not bring about an acceptance of the bequest. We need not deal with these arguments in detail. All are defective in failing to recognize the effect of the assent of the college to the decree as an assent to the agreement, including the acceptance of the bequest contained in the agreement, and the effect of the decree itself as an adjudication intended to fix the rights of the parties in the estate of the testator, and thus fastening the terms of the agreement upon all the parties to the former litigation and effectually estopping the petitioner from making the contentions now advanced. See further *Old Colony Trust Co.* v. *O. M. Fisher Home, Inc.* 301 Mass. 1, 6, 7, 8.

Our view of the agreement of compromise, made directly binding upon the present litigants by the judgment of confirmation, renders it unnecessary to inquire whether the college did not again accept the bequest in 1889 by signing a petition for construction of the will as a party interested, in 1906 by suggesting that its treasurer be appointed one of the trustees in view of its interest in the trust, at various times by signing petitions for the appointment of new trustees to fill vacancies, in 1936 by considering a suggestion that it buy out the last surviving annuitant, in 1939, after the death of the last annuitant (see *Bell* v. *Nesmith,* 217 Mass. 254, 260), by requesting that it be informed of the trustees' plans for distribution, or in 1940 by a formal vote

of the President and Fellows reciting the vote of September 25, 1888, the execution of the agreement of compromise containing an acceptance of the bequest and ratifying and confirming "all of the acts of officers and agents of the Corporation with respect to said bequest or legacy" and ratifying and declaring the acceptance of the bequest. At least these later acts show a consistent adherence to the original decision to accept the gift.

The questions of evidence that have been argued have become of no importance.

One matter remains. The trustees under the will have filed a brief in which they call attention to the last sentence in the thirty-third article of the will containing the provision that if either the petitioner or the Home for Aged Men in Boston "should cease to exist before they come into possession of the said legacy" the "sum thus bequeathed to such corporation" shall be divided among the children of the testator's brother or their legal heirs and representatives. They remind us that none of these possible beneficiaries has been made a party to this proceeding but state that they make no suggestion or argument. The trustees called this same matter to the attention of the judge of probate at the hearing before him, but nothing further was done. No demurrer or other pleading based upon want of parties was filed, and the trustees have not appealed from the decree below. The question is whether these legal heirs and representatives are such indispensable parties that this suit cannot proceed without them. Under the circumstances of this case we think that they are not. Of course they have no interest in the trust, if Harvard College has accepted the bequest to it. It is plain that even in the absence of acceptance by the college they have no possible interest in this controversy unless either the petitioner or the Home for Aged Men in Boston shall have ceased to exist by a time when it shall have become entitled to take and before payment is made to it. Both of these corporations are parties to this proceeding: The Home for Aged Men filed an answer, and the Newburyport Society for Relief of Aged Women is the petitioner and the active

appellant now before us. No suggestion is made that either corporation has ceased to exist. On this record the natural inference is that both now continue to exist. Inasmuch as the time has already arrived for final distribution of the trust fund, the petitioner and the Home for Aged Men in Boston, if they were ever to become entitled to take, would be entitled to take immediately, and the contingent remainder over to the children of the testator's brother or their heirs and representatives could take effect only if one or both of these two charitable corporations should now cease to exist before they could come into possession of that which is now available and immediately payable. The chance that, as events have developed, these contingent remaindermen will ever take anything constitutes an interest "so remote, and its actual enjoyment so improbable" that it "would appear to be nothing more substantial than a film of mist." *Copeland* v. *Wheelwright*, 230 Mass. 131, 137. Practical considerations do not require that this court should at this stage stop the litigation while they are brought in. See *Sears* v. *Hardy*, 120 Mass. 524, 529; *Jewett* v. *Tucker*, 139 Mass. 566, 578, 579; *Evans* v. *Wall*, 159 Mass. 164, 168; *Wickwire Spencer Steel Corp.* v. *United Spring Co.* 247 Mass. 565, 569; *Warecki* v. *United States Fidelity & Guaranty Co.* 270 Mass. 233. We have less hesitancy in taking this course than we might otherwise feel because the very complete presentation of the contention that Harvard College has not accepted the bequest to it seems to leave no reason to suppose that the presence of other parties could have changed the result.

*Decree affirmed.*