PAUL A. GRASSIE & another *vs.* MANUEL A. GRASSIE,
executor, & others.

Middlesex.    May 7, 1945. — June 4, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Superior Court,* Jurisdiction. *Equity Jurisdiction,* Decedent's estate.
*Equity Pleading and Practice,* Parties. *Probate Court,* Accounts. *Devise and Legacy,* Omitted child.

G. L. (Ter. Ed.) c. 215, § 6, creates no new equity jurisdiction in the
Superior Court; and the right to maintain in that court a suit in
equity involving the application of c. 191, § 20, must be determined
according to general principles of equity jurisprudence without reference to said § 6.
A bill in equity in the Superior Court alleging that the plaintiffs were entitled to share in the estate of their deceased grandmother under G. L.
(Ter. Ed.) c. 191, § 20, was demurrable where, in so far as the bill
related to the personal property in such estate, no representative of
the estate was a party and it was alleged in the bill that the executor's
account had been allowed; in so far as dealings with the decedent's
real estate were alleged in the bill, they were not shown by the allegations to have been wrongful and no specific relief was sought; and, in
so far as the bill related to assets of the estate of the grandmother's
deceased husband, who had been the executor of her will and whose
own executor was a defendant, the bill did not disclose any interest
of the plaintiffs and did disclose an attempted interference with the
settlement of the husband's estate in the Probate Court.
A decree allowing a probate account cannot be reopened by a suit in
equity.

BILL IN EQUITY, filed in the Superior Court on March 27,
1944.

The suit was heard on demurrers by *Broadhurst,* J.

*J. W. Tushins,* for the plaintiffs.

*H. J. Field,* (*A. P. Tropeano* with him,) for the defendants.

QUA, J. This cause is here on the appeal of the plaintiffs from a final decree entered in the Superior Court dismissing the bill, after the sustaining of demurrers of the
several defendants. There were no appeals from the interlocutory decrees sustaining the demurrers, but since the
final decree was affected by the interlocutory decrees, the

latter are open to revision upon the appeal from the final decree. G. L. (Ter. Ed.) c. 214, § 27. *Gibbons* v. *Gibbons*, 296 Mass. 89.

The bill rests upon the assertion that the plaintiffs were the issue of a deceased child of Mary E. M. Grassie, their grandmother, who died January 21, 1934, and that she omitted to provide for them in her will by accident or mistake, so that they became entitled to the same share of her estate which they would have taken if she had died intestate. G. L. (Ter. Ed.) c. 191, § 20. The bill seems to have been conceived upon the theory that by reason of the reference to said § 20 contained in G. L. (Ter. Ed.) c. 215, § 6 (relating to equity jurisdiction in Probate Courts), the Superior Court acquired a special jurisdiction of some kind over cases of failure to provide for issue in wills. But § 6 creates no new equity jurisdiction in the Superior Court. The jurisdiction of the Superior Court in relation to this subject matter is not derived from § 6, but flows from the concurrent jurisdiction which that court enjoys with the Supreme Judicial Court of all matters embraced within the scope of general equity jurisprudence, including such equity cases as involve the application of c. 191, § 20. This is apparent from an examination of the decisions dealing with § 6. *Bennett* v. *Kimball*, 175 Mass. 199. *Abbott* v. *Gaskins*, 181 Mass. 501. *Mitchell* v. *Weaver*, 242 Mass. 331, 336–337. *Geen* v. *Old Colony Trust Co.* 294 Mass. 601, 602–603. *Jones* v. *Jones*, 297 Mass. 198, 203. *Lord* v. *Cummings*, 303 Mass. 457, 459. It follows that whether the bill is demurrable must be determined according to the general principles of equity law and without reference to § 6. *Bennett* v. *Kimball*, 175 Mass. 199, 200.

After alleging the failure of their grandmother "unintentionally and by mistake" to provide for the plaintiffs, the bill goes on to allege that Thomas L. Grassie, who was her surviving husband and the executor of her will and who has himself since deceased, filed his final account, which was allowed on February 24, 1937; that in his account he "failed to include" a certain mortgage, a part of which had been paid to him during his lifetime as executor of the

estate of the grandmother; that the grandmother left certain real estate in which the plaintiffs have inherited their respective shares, but that Thomas L. Grassie occupied the premises and received the income thereof but failed to include it in his inventory or account; that after the grandmother's death Thomas L. Grassie "remarried" the defendant Susan Grassie and died July 20, 1942; that on July 15, 1942 (which would be five days before the alleged date of the death of Thomas L. Grassie) the defendant Manuel A. Grassie was appointed executor of the estate of Thomas L. Grassie "and has exercised dominion and control over the said mortgage and real estate" and "has received substantial payments on account of the said mortgage and real estate, and that he is about to close the said estate [of Thomas L. Grassie] and to make distribution" to the three remaining defendants "to the exclusion of your plaintiffs' interests in the said mortgage and real estate" as "heirs" of their grandmother; and that the defendant Manuel A. Grassie, as executor of the estate of Thomas L. Grassie, "acquired" a certain mortgage given by one of the plaintiffs to said Thomas L. Grassie, which said Manuel threatens to foreclose, although this plaintiff "has asserted his claim in the estate of his grandmother . . . which has been taken over by him [presumably meaning Manuel] as executor of the estate of Thomas L. Grassie." The wording of the grandmother's will is not before us, since it appears only in a proposed amendment to the bill which the trial judge finally refused to allow, very likely because it did not remedy the original defects. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122.

The bill states no cause of action in equity. It is unnecessary to catalogue all its faults in detail. In so far as it seeks to deal with personal property of the estate of the grandmother it appears that her executor is dead, and that no representative of her estate is before the court, and it does not appear who, aside from the plaintiffs, is interested in that estate. Moreover it does appear that the final account of the executor of the grandmother's will was allowed in the lifetime of the executor. A decree allowing a

probate account cannot be reopened by suit in equity. *Waters* v. *Stickney*, 12 Allen, 1, 3. *Farquhar* v. *New England Trust Co.* 261 Mass. 209. *Wilbur* v. *Hallett*, 305 Mass. 554, 558. In so far as the bill seeks to deal with real estate owned by the grandmother at her decease it falls under no recognizable head of equity jurisdiction and seeks no specific equitable relief. It does not show that the alleged occupation by Thomas L. Grassie or by Manuel A. Grassie was wrongful. It does not indicate who the present owners of the real estate are, except that the plaintiffs are "entitled to their respective shares" as heirs of their grandmother. And it is not a bill for an accounting for rents and profits. In so far as the bill seeks to deal with assets of the estate of Thomas L. Grassie, it fails to disclose any interest of the plaintiffs in those assets and seeks to interfere with the settlement of that estate in the Probate Court. See *Allen* v. *Hunt*, 213 Mass. 276; *Buttrick* v. *Snow*, 277 Mass. 401.

If it be true that the plaintiffs' grandmother, Mary E. M. Grassie, omitted to provide for the plaintiffs in her will by accident or mistake, and that they therefore acquired an interest in property formerly owned by her, they must clearly set forth the elements of an equitable cause of action or they must proceed by some method other than a bill in equity. The demurrers were rightly sustained.

An appeal from the order for final decree is not properly before us. *Graustein* v. *Dolan*, 282 Mass. 579, 583.

*Appeal from order for decree dismissed.*
*Final decree affirmed with costs of this appeal.*