FLORENCE M. BEEDE, executrix, *vs.* OLD COLONY TRUST COMPANY & another, trustees, & another.

Middlesex.    December 6, 1946. — March 4, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Probate Court*, Compromise of controversy, Decree, Parties. *Trust*, Compromise agreement.

A decree of a Probate Court, entered with all requisite formalities under G. L. (Ter. Ed.) c. 204, § 14, adjudging just and reasonable and approving an agreement among all parties interested compromising a controversy which related to a claim by a beneficiary of a trust that he had satisfied certain provisions of the trust and was entitled to payment to him of the entire principal on his fortieth birthday, then past,

and provided for transfers of a substantial sum of principal in his behalf and periodical payments of a certain amount of income with provisions against alienation and attachment of his interests, and for a distribution of the fund on his death, could not be attacked collaterally after his death by a petition by the executor of his will that it be adjudged that on his fortieth birthday he had satisfied such provisions of the trust and that the entire fund should have been transferred to him at that time.

The trustee of a fund which was the subject of a compromise agreement, entered into between him and all parties in interest under the trust and approved by a Probate Court under G. L. (Ter. Ed.) c. 204, § 14, was a proper adversary party to a subsequent petition attacking that decree collaterally.

PETITION, filed in the Probate Court for the county of Middlesex on November 5, 1945.

The case was heard by *Leggat*, J.

*H. S. Avery*, for the petitioner.

*J. W. Mahoney*, (*S. L. Kaplan* with him,) for the respondents Old Colony Trust Company and another, trustees.

*A. L. Taylor*, for the respondent Beede.

DOLAN, J. The petitioner, who is the executrix of the will of Luman J. Beede, brings this petition praying that her testator be declared to have become sober and industrious at a time before his death, and that an order be entered setting over the principal of the trust fund (hereinafter described) created under the will of Abbie S. Beede to the estate of her testator or to her. Demurrers, pleas in bar and pleas in abatement were filed by the respondent trustees under the will of Abbie S. Beede, and by the other respondent, Everett J. Beede. The judge entered interlocutory decrees sustaining the demurrers and pleas, and a final decree dismissing the petition. From these decrees the petitioner appealed.

The material allegations of the petition are as follows: The petitioner's testator, Luman J. Beede, was the son of Abbie S. Beede. He died on January 31, 1945. The petitioner is his widow and the executrix of his will. He was the beneficiary of a trust created by his mother by her will, the terms of which are as follows: "The balance of my said estate to the Old Colony Trust Company of Boston and Dr. Norman M. Hunter of Hudson, in trust for the follow-

ing purpose — to wit: The income of said fund to be paid to my son, Luman Jefts Beede, each year until he shall reach the age of 35 years; in such payments during each year as the said trustees may deem advisable. If, when my said son has reached the age of 35 years, he shall prove to the satisfaction of the Probate Court that he is sober and industrious, the entire trust fund, both principal and interest, shall thereupon be paid over to him and the trust shall thereupon terminate. If, however, he is not deemed sober and industrious and competent to manage his own affairs, the said trust shall continue until such time as it may be deemed prudent by said Probate Court to terminate the trust as aforesaid, or until the death of my son. In the latter event, should he die without issue, the trust shall thereupon terminate and the principal and interest of said trust fund shall be paid to my said son Everett or his heirs. If, however, my said son Luman dies leaving issue and this trust has not previously terminated in accordance with the terms hereof, then the said trust shall continue for the benefit of said issue until the youngest child of my said son shall have reached the age of 21 years, at which time it shall terminate and the proceeds thereof shall be paid to the heirs of my said son, Luman Jefts Beede." The following provision, which became a part of her will, was made by a codicil thereto: "In clause (b) of Part II of my will I provided that the income of the trust therein mentioned should be paid to my son, Luman Jefts Beede until he shall have reached the age of 35 years. I now order and direct that the said trust shall continue until my son reaches the age of 40 years and that until he reaches said age the said income shall be free from interference or control of his creditors and shall not be anticipated by assignment." The petitioner further alleges that "Luman J. Beede reached the age of 40 years on May 3, 1932, and that for a long time before his death said Luman J. Beede was sober and industrious and had met all the requirements of his mother's will and was entitled to have an order from the Probate Court decreeing the entire principal of the estate to him and that it was the purpose and intention of Luman J.

Beede to petition said court for an order decreeing the entire principal of the estate to him when his sudden and untimely death intervened . . . that there are no surviving issue of said Luman J. Beede . . . [and] that as widow and sole beneficiary under the will of Luman J. Beede she is left without her proper rights in the property of Luman J. Beede."

A consideration of the pleas in bar, the facts alleged in which were found by the judge to be true, will dispose of the case. The facts so found to be true may be summed up as follows: Abbie S. Beede died on September 16, 1922. Her will, the pertinent provisions of which have been recited above, was allowed on October 11, 1922, and the respondent trustees named therein duly qualified on November 22, 1922. On June 7, 1932, the trustees, having filed a petition for instructions concerning their duties, filed a petition for leave to compromise, in accordance with the terms of a written agreement dated April 28, 1932, certain controversies relating to the rights and benefits of Luman J. Beede under the trust created by Abbie, his mother, in her will.[1] The petition was filed under the provisions of G. L. (Ter. Ed.) c. 204, § 14. Guardians ad litem "or" next friends were appointed to represent minors and persons unborn or unascertained. Under the terms of the agreement, provisions were made for the transfer of $12,800 from the principal of the trust fund and disbursement thereof in behalf of Luman, for the payment after May 3, 1932, of fifty per cent of the income to Luman, and for the transfer to principal of the remaining fifty per cent of income. Other provisions concerning this matter need not be recited. The agreement further provided as follows: "4. The trustees and the said E. Jefts Beede, stipulate, as an essential part of the consideration for the compromise embodied in this agreement, that any and all payments from the said trust to the said Luman J. Beede, whether of income or principal, are to be made to him only upon receipts signed by him, or by check payable to him, except with respect to the payments of

---

[1] The agreement recited that the "controversies" were "particularly with reference to a claim of said Luman J. Beede that, after May 3, 1932, and after proper proceedings, he will be entitled to payment of the entire trust fund to him." — REPORTER.

charges of counsel and of guardians ad litem hereinafter provided for, and that the interests of the said Luman J. Beede and his issue in said trust fund shall not be anticipated, assigned, attached, taken upon execution or alienated in any way or manner, voluntarily, involuntarily by operation of law or otherwise, and shall be free from the interference or control of creditors, but the trustees may make any or all payments of income hereunder from time to time to third persons for the comfortable maintenance and support of the said Luman J. Beede, as they may deem advisable from time to time. 5. On the death of the said Luman J. Beede, the balance of principal then in the hands of the trustees, if the said Luman J. Beede shall have died without issue, shall be paid to the said Everett Jefts Beede, or if he also shall have died, then to his heirs, determined as of the time of his death, but if the said Luman J. Beede shall have died leaving issue living at his death, the trust shall continue and the net income of the same shall be paid to the issue of the said Luman J. Beede, taking by right of representation, as the class may be constituted from time to time, until the youngest child of the said Luman J. Beede who shall have been living at his death shall attain the age of twenty-one years or would have attained that age if living, at which time the said trust shall terminate and the trust fund shall be paid to the issue of the said Luman J. Beede then living, taking by right of representation. If, however, all of the issue of the said Luman J. Beede shall die before becoming entitled to distribution of the trust fund under the foregoing provision, the trust fund shall be paid over to the said Everett Jefts Beede, or, if he be not living, then to his heirs determined as of the time of his death." Further provision was made in the agreement for the dismissal of the petition for instructions previously filed by the trustees. On June 13, 1932, a decree was entered in the Probate Court in which the judge found, as required by the statute, that the compromise agreement was just and reasonable in its effects upon the interests of minors and future contingent interests in the estate, G. L. (Ter. Ed.) c. 204, § 14, and approved the agreement of

compromise. On August 3, 1938, the trustees filed another petition under c. 204, § 14, to compromise certain controversies in accordance with an agreement of compromise in which provision was made for the payment of all accumulated and current income of the trust fund to Luman, after certain deductions, for the transfer of $9,650 from principal to income, to be disbursed in accordance with a schedule of approved disbursements in behalf of Luman, and for the payment to Luman from income otherwise payable to Luman, in each month, of $150 only, the balance of income to be transferred to principal until the principal account was reimbursed for sums transferred therefrom to income under the agreement. This compromise agreement was executed in the manner provided by the statute, and was approved by the Probate Court, with appropriate findings, on August 18, 1938. On July 23, 1942, Luman filed a petition in the Probate Court praying for the revocation of the decree of June 13, 1932, allowing the compromise agreement dated April 28, 1932. On October 22, 1943, after hearing and consideration, a decree was entered in the Probate Court dismissing the petition.

The contentions of the petitioner are, in substance, that under the terms of the will, rightly construed in the light of the provisions of the codicil thereto, Luman became entitled to the principal of the trust fund when he became forty years of age; that the terms must be carried out unless repugnant to law; that the Probate Court was without authority to enter the decrees allowing the agreements of compromise because their terms were inconsistent with those of the will; that the terms of the trust were such that Luman could not by contract properly obtain, as he did, portions of the principal of the trust fund to be disbursed in his behalf; that he could not as matter of law by contract agree that payments to be made to him under the agreement of 1932 should be free from the interference or control of his creditors; and that the Probate Court erred in entering the decree denying Luman's petition for revocation of the decree dated June 13, 1932, allowing the compromise agreement dated April 28, 1932.

It is manifest that the foregoing contentions constitute a collateral attack upon the decrees allowing the agreements of compromise in question, and the decree denying the petition of Luman for the revocation of the decree of June 13, 1932. We sustain none of these contentions. The subject matter of the decrees allowing the agreements of compromise was within the jurisdiction of the Probate Court under G. L. (Ter. Ed.) c. 204, § 14, which is constitutional. *Clarke* v. *Cordis,* 4 Allen, 466. *Copeland* v. *Wheelwright,* 230 Mass. 131, 138. This being so, the decrees complained of cannot be attacked collaterally. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 212–213, and cases cited. *Wilbur* v. *Hallett,* 305 Mass. 554. They are in full force and effect and are a bar to the present proceeding. *Cochrane* v. *Cochrane,* 303 Mass. 467, 470. *Newburyport Society for Relief of Aged Women* v. *President & Fellows of Harvard College,* 310 Mass. 438, 442–443.

The petitioner's contention that the present proceeding is not as to the respondent trustees an adversary one, that they are mere stakeholders and as such cannot be heard, is not sustained. This proceeding is not one brought by the trustees for instructions but is one brought by the petitioner who seeks to set aside the contracts entered into by the trustees with all parties interestëd in the trust estate, with the approval of a court of competent jurisdiction. It is the duty of the trustees to carry out those contracts in accordance with their terms, and they have a right to be heard in the present proceeding. See *Ripley* v. *Brown,* 218 Mass. 33, 35; *Doane* v. *Bigelow,* 293 Mass. 406, 409; *McKay* v. *Audubon Society, Inc.* 318 Mass. 482, 485.

In view of what we have said above it is unnecessary to consider the demurrers and pleas in abatement of the respondents.

The request of the petitioner for costs and expenses of this appeal is not granted.

> *Appeals from interlocutory decrees sustaining demurrers and pleas in abatement dismissed.*
> *Interlocutory decrees sustaining pleas in bar affirmed.*
> *Final decree affirmed.*