DORA BLOOM & another *vs.* LOUIS BLOOM & others.

Middlesex.    April 8, 1958. — May 6, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Probate Court,* Decree, Accounts.

A suit in equity by legatees under a will against the executors and others
whereby the plaintiffs sought to raise anew matters which had been
heard by the Probate Court in passing upon the executors' accounts
constituted an attempt to attack collaterally decrees of the Probate
Court allowing the accounts and could not be maintained.

BILL IN EQUITY, filed in the Superior Court on November
25, 1955.

The suit was heard by *Lurie,* J., on a "motion to dismiss."

*Max Kabatznick, George M. Belsky, & Erwin E. Cooper,*
for the plaintiffs, submitted a brief.

*Magnus Greenman,* for the defendants.

SPALDING, J.    The plaintiffs in this suit are Dora Bloom
and her daughter Barbara Evelyn Greenstein, widow and
daughter, respectively, of the late Jacob Bloom.    The de-
fendants are Louis Bloom (brother of Jacob), his wife Bessie,
J. Bloom Company (a Massachusetts corporation), Samuel
Markel and Reuben Kaplan (coexecutors with Louis Bloom
of Jacob's estate and formerly trustees under his will), and
Morris Fulman and Maurice Rogovin, who are successor
trustees under the will.    Summarily stated, the bill alleges
that prior to Jacob's death, Louis, with knowledge that
Jacob was dying and had failed in body and mind and was
constantly under the influence of narcotics and sedatives,
fraudulently obtained Jacob's signature on various docu-
ments which he, Louis, had prepared.    These documents
included a deed of Jacob's interest in a parcel of real estate,
an agreement making Louis a partner of Jacob, and an
agreement to sell Jacob's interest in the good will of the

business of the partnership J. Bloom Company for a nominal sum. The bill further alleges that Louis deceived his coexecutors by representing to them that Jacob was competent when he executed these documents, whereas in fact he was not; that he also deceived his coexecutors by misrepresenting the value of J. Bloom Company and its good will; and that as a result of the fraudulent conduct of Louis the plaintiffs, who are legatees under Jacob's will, received less than they should have received.

The defendants Louis, Bessie, and J. Bloom Company filed a motion to dismiss, which in substance stated that the matters complained of in the bill had been adjudicated after full hearing by the Probate Court for Middlesex County in connection with the allowance of the executors' first and second and final accounts; that decrees allowing these accounts had been entered by that court; and that these decrees could not be attacked collaterally in the present proceeding. The judge treated the motion to dismiss as a plea and so informed the parties. See *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110.

The judge made findings of fact of which the following is a summary. The will of Jacob Bloom was allowed December 6, 1946, by the Probate Court for Middlesex County. The plaintiff Barbara Evelyn Greenstein was then a minor but she became of age on October 19, 1947. The executors appointed by the Probate Court (all of whom are named in the present bill as defendants) filed their first account May 18, 1948. "It is unnecessary to recapitulate the long history of the probate proceedings, no inkling of which is given in the . . . bill . . . . It is sufficient to say that upon the documents presented in evidence before me I find that the identical matters complained of in the present bill were presented to the Probate Court in connection with hearings held upon . . . the allowance of the executors' accounts. Subsequent to these hearings, these accounts were allowed by the Probate Court." The judge ruled that these decrees were within the jurisdiction of the Probate Court and could

not be attacked collaterally in the present proceeding. A decree was entered sustaining the defendants' plea and ordering the bill dismissed. The plaintiffs appealed.

There was no error.

It is plain that the purpose of the present bill is to attack collaterally decrees rendered by the Probate Court with respect to matters within its jurisdiction, namely, the executors' accounts. That this cannot be done is well settled. In a long line of decisions it has been said repeatedly that a decree of the Probate Court within its jurisdiction is good unless it is set aside; that it cannot be attacked collaterally; that such decrees are conclusive upon the courts of common law, and cannot be reversed by writ of error or certiorari; and that they cannot be set aside in equity, even for fraud. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 213, and cases cited. *Wilbur* v. *Hallett,* 305 Mass. 554, 558. *Mahoney* v. *Nollman,* 309 Mass. 522, 525. *Grassie* v. *Grassie,* 318 Mass. 346, 348–349. *Beede* v. *Old Colony Trust Co.* 321 Mass. 115, 121. *Old Colony Trust Co.* v. *Porter,* 324 Mass. 581, 590. These principles are applicable here and are decisive of the case.

*Decree affirmed with costs of the appeal.*