PRISCILLA WILLCUTT & another *vs.* OLIVER PRESCOTT, JUNIOR, trustee, & others.

Middlesex. February 3, 1960. — March 10, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Trust,* Compromise. *Devise and Legacy,* Intestacy, Heirs. *Equity Pleading and Practice,* Declaratory proceeding.

A compromise agreement between the trustee of a residuary trust under a will for charitable purposes and the heirs of the testatrix, duly approved by a decree entered in a proceeding under G. L. c. 204, § 14, in which the trustee, the heirs, and the Attorney General were parties, was not open to subsequent attack by the children of one of the heirs who died after the agreement and the decree. [534]

In a suit in equity presenting a proper case for declaratory relief under G. L. c. 231A, the bill should not be dismissed where the result on the merits is adverse to the plaintiff, but a declaratory decree accordingly should be entered. [535]

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on November 15, 1956.

The suit was heard on demurrers by *Ronan, J.*

*Arthur M. Beale,* for the plaintiffs.

*Claude R. Branch,* (*Oliver Prescott, Jr.,* with him,) for Prescott, trustee, and others.

*Leo Sontag,* Assistant Attorney General, for the Attorney General.

WHITTEMORE, J. These are the plaintiffs' appeals from an order of the single justice sustaining demurrers and from the final decree dismissing the bill in equity for declaratory relief. The bill and attached copies of documents show that the plaintiffs are children of Charles D. Willcutt who died January 1, 1952. Charles was the nephew and one of the heirs of Mary D. B. Hooper who died testate on March 29, 1924. The plaintiffs ask declarations in respect of a compromise agreement made on April 11, 1934, by their father and the other "then heirs" of Mary, with the trustee under

the nineteenth clause of Mary's will which left the residue of her estate to found and support a home for the relief of aged Protestant couples, or to pay the fund to a corporation fitted to carry out the purpose. The compromise agreement gave each of the heirs, for life, one fifth of eighty per cent of the net income and made a cy pres provision for "the remainder of the income." It was adjudged just and reasonable and was approved in a decree entered July 7, 1934, in proceedings brought in the Supreme Judicial Court, to which the trustee, the "then heirs," and the Attorney General were parties.

The bill asserts that the compromise agreement was not binding on the plaintiffs for the reasons that they were not parties and a guardian ad litem was not appointed to represent them although they had a future contingent interest. It implies that there was no general charitable intent in article nineteenth and avers that the trust has failed and that the trust property should be distributed "to the present heirs at law." It asks declarations in accord with these contentions.

The demurrers of the present trustee under Mary's will and the two surviving "then heirs" specify that the bill states no facts forming a basis for a declaratory decree; that the decree of July 7, 1934, conclusively settled the subject matter of the bill as to all parties having any interest in the residue of Mary's estate, and the bill shows that the plaintiffs were not named in Mary's will and were not heirs at law or next of kin at her death or on April 11, 1934, or July 7, 1934, and on those dates had no interest in the residue or contingent interest in Mary's estate and there was no occasion for appointing a guardian ad litem for them; that the plaintiffs' father executed the compromise agreement and accepted it in full satisfaction of all claims to the residuary estate and the residue has been used for the purposes set forth in the agreement.

The demurrer of the Attorney General specifies that the bill fails to set forth with substantial certainty facts which would entitle the plaintiffs to relief.

The bill shows no invalidity in the compromise agreement of April 11, 1934, and the decree of July 7, 1934. The statutory requirements were met.[1] The plaintiffs are not included among Mary's heirs for purposes of the compromise agreement and the decree thereon. If and whenever the trust under article nineteenth failed, the property, by intestacy, would belong to the heirs of Mary determined as of her death. *Old Colony Trust Co.* v. *Johnson*, 314 Mass. 703, 711–712, and cases cited. The only interests of children of Charles in property formerly of Mary, or of the trustee, would be in the property after it passed to their father or to his estate. These were not "future contingent interests" (G. L. c. 204, § 14) in the trust property or Mary's estate. The 1934 decree rightly adjudged that there were "no minors . . . who have any interest in the subject matter, and that there are no future contingent interests in the estate of Mary D. B. Hooper." The Attorney General rightly represented the interests of persons who might be benefited by the charitable trust. G. L. c. 12, § 8.

On the asserted facts the agreement and decree are in full force and effect and bar the examination asked by the plaintiffs to determine if error underlay them. *Woodard* v. *Snow*, 233 Mass. 267, 274. *Newburyport Soc. for Relief of*

---

[1] General Laws c. 204, § 14, provides: "The supreme judicial court or the probate court may authorize . . . a trustee, to adjust by arbitration or compromise any controversy . . . as to the construction of a will or trust created by a written instrument, or as to his power and authority thereunder, or as to any controversy growing out of said will or instrument that may arise between him and any other person or the guardian or conservator of any person interested under said will or instrument . . . to which arbitration or compromise, in the form of an agreement in writing, such . . . trustee, and all other persons in being and of full age and not under guardianship, and the guardian or conservator, if any, of all other persons who claim a vested interest in said estate, whose interests will, in the opinion of the court, be affected by the proposed arbitration or compromise, shall be parties. An award or compromise made in writing in such a case, if found by the court to be just and reasonable in its effects upon the interests of minors and persons under guardianship or conservatorship, and upon any future contingent interests in said estate, shall, when approved by the court, be valid and binding upon all such interests and upon the original parties to said agreement, and a decree shall be entered accordingly. If the court finds that any minor or person without legal capacity or under guardianship, or any future contingent interests, may be affected, it may appoint some person or persons to represent such minor or person without legal capacity or under guardianship, or future contingent interests in such controversy, question, administration or account upon such conditions as to costs as it may order."

*Aged Women* v. *President & Fellows of Harvard College,* 310 Mass. 438, 442–443. *Beede* v. *Old Colony Trust Co.* 321 Mass. 115, 121. *Manganiello* v. *Caggiano,* 338 Mass. 542, 545.

The decree which sustained the demurrers reflects the correct determination that no declaration in favor of the plaintiffs can be made on the averments of the plaintiffs. But we think it cannot be ruled, as that decree necessarily does, that the plaintiffs have failed to state a case presenting a controversy proper for determination under the declaratory procedure. The allegation of controversy is in general terms only but it is implicit that the parties are at issue in respect of the plaintiffs' contentions. This is therefore the usual case in which a declaratory decree should be made. See *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 333 Mass. 405, 406, and cases cited. *Vasilakis* v. *Haverhill,* 339 Mass. 97, 101. Compare *Brown* v. *Neelon,* 335 Mass. 357. There are no facts in dispute and there is no occasion for a hearing. The decisive issue has been presented in full. See *Smith* v. *Board of Appeals of Plymouth, ante,* 230, 234–235.

The interlocutory and final decrees are vacated. A decree is to enter adjudging that the compromise agreement dated April 11, 1934, and the decree of July 7, 1934, complied with G. L. c. 204, § 14, and may not be attacked by the plaintiffs.

*So ordered.*