NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-528

KHAREE CRISWELL

vs.

DEPARTMENT OF REVENUE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Kharee Criswell, appeals from an order dismissing his Superior Court complaint. The complaint alleged improprieties and fraud in proceedings that took place in the Probate and Family Court, in which the child support enforcement division of the Department of Revenue (DOR) sought to compel the plaintiff to make child support payments. The complaint named DOR and the Probate and Family Court as defendants. A Superior Court judge dismissed the complaint because the Superior Court does not have jurisdiction to review decisions of the Probate and Family Court. We affirm.

---

[1] Suffolk Probate and Family Court.

Parties claiming to be aggrieved by decisions in matters in which the Probate and Family Court has jurisdiction, including decisions concerning child support payments, may not attack those decisions by filing actions in the Superior Court, even where fraud is alleged.  See Bloom v. Bloom, 337 Mass. 480, 482 (1958); Okoli v. Okoli, 81 Mass. App. Ct. 381, 391 (2012).  Thus, whatever complaints the plaintiff may have regarding the Probate and Family Court child support enforcement matter, the Superior Court had no jurisdiction to entertain them.  The judge correctly dismissed the plaintiff's complaint for this reason.

There was no judicial misconduct, violation of Rule 9A of the Rules of the Superior Court (2023) (Rule 9A), or violation of the plaintiff's due process rights in the dismissal of the plaintiff's Superior Court complaint.  The record reflects, and our independent review of the Superior Court docket entries confirms,[2] that the defendants properly served and filed their motion to dismiss, together with the plaintiff's opposition, as required by Rule 9A.  The plaintiff's opposition was docketed, and a hearing on the motion was held.  The plaintiff had notice of the motion to dismiss, was present for the hearing on the motion, and had an opportunity to be heard.  Nothing more was

_____

    [2] We may take judicial notice of docket entries in related cases.  See Jarosz v. Palmer, 436 Mass. 526, 530 (2002); Adoption of Ursa, 103 Mass. App. Ct. 558, 567 n.7 (2023).

2

required.  See <u>Wilkins</u> v. <u>Cooper</u>, 72 Mass. App. Ct. 271, 276-277 (2008).

<u>Judgment affirmed</u>.

By the Court (Meade, Massing & Brennan, JJ.[3]),

Clerk

Entered:  January 23, 2026.

---

[3] The panelists are listed in order of seniority.