BASIL K. WOODS & others *vs.* CITY OF NEWTON & others.

Middlesex.    May 5, 1966. — June 8, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Zoning,* Amendment of by-law or ordinance, Special permit.

A rezoning ordinance, adopted by the board of aldermen of a city after a committee of the board and the planning board had held a joint hearing on the proposed rezoning, was not invalid under G. L. c. 40A, § 6, by reason of such joint hearing where it appeared that a notice of the two hearings at the same time and place was so published as to comply with the statutory requirements respecting each hearing, and that the two bodies sat separately at the joint hearing and kept separate minutes and after the hearing separated for their deliberations. [100–102]

Where an essential scheme of the zoning ordinance of a city was to maintain a relation between the area of lots and the bulk of buildings thereon and at the same time to provide flexibility to adapt buildings to particu-

---

lar sites and for particular uses, a provision of the ordinance that no building or structure should exceed forty feet in height "unless otherwise provided by the board of aldermen in accordance with" procedures respecting exceptions was proper under G. L. c. 40A, § 4, and the board validly granted a special permit for the erection on a lot of a motel to a height in excess of forty feet. [102–103]

A provision of a section of a revised zoning ordinance of a city, that the board of aldermen might extend the time for exercising rights under any special permit granted by it "under this section, whether or not such . . . time . . . [had] expired," without further public hearing, related to a procedural matter and authorized the board to extend the time, after the expiration thereof, for exercise of rights under a special permit granted under the corresponding section of the former ordinance, which provided a similar power to extend a time but did not expressly make the power applicable after the expiration of the time. [103–104]

Where it appeared that immediately after the board of aldermen of a city granted a special permit under its zoning ordinance for construction of a motel the construction was enjoined in a suit in equity in which the validity of the special permit was in issue, and that long after expiration of the time limited for exercise of rights under the special permit it was adjudged that the special permit had been validly granted, the final decree in the suit properly ordered the building inspector to issue a building permit for construction of the motel. [104]

BILL IN EQUITY filed in the Superior Court on December 17, 1963.

The suit was heard by *Tomasello, J.*

*Lawrence H. Adler* (*Fred B. Wilcon* with him) for the plaintiffs.

*Gael Mahony* (*Richard W. Renehan & Joseph D. Steinfield* with him) for Marriott Motor Hotels of Newton, Inc. & others; *Matt B. Jones,* City Solicitor, for the City of Newton & another, also with him.

WHITTEMORE, J.   These are appeals by the plaintiffs and the defendants from a declaratory decree of the Superior Court of December 10, 1965.   The decree, in paragraphs 1 and 2 respectively, declared the validity of the rezoning by the Newton board of aldermen, on November 4, 1963, of nine and three-quarters acres of land in Norumbega Park (the locus) from Residence C to Business AA, and of the exception granted by the board on November 18, 1963, subject to nine conditions, and to site plan approval, to permit the construction of a motel on the locus.   The decree also (par. 3) ordered the public building commissioner to issue

to the defendant Marriott Motor Hotels of Newton, Inc. (Marriott) a permit to construct the motel "subject to the conditions and permissive exceptions and site plan approval and the height restriction of 40 feet unless otherwise varied by proper proceedings and authorities"; (par. 4) granted Marriott the right to seek a variance for a height increase; and (par. 5) dismissed the bill of complaint in other respects. Our opinion sustaining demurrers in this case, but with leave to amend, is reported at 349 Mass. 373. The points now at issue, and related facts, are stated below in the course of the opinion.

1. The plaintiffs contend that the rezoning ordinance was invalid because the planning board and the committee of the board of aldermen held a joint hearing. We disagree.

General Laws c. 40A, § 6, provides in part: "No zoning ordinance or by-law originally establishing the boundaries of the districts or the regulations and restrictions to be enforced therein, and no such ordinance or by-law changing the same as aforesaid, shall be adopted until after the planning board . . . has held a public hearing thereon, first causing notice of the time and place of such hearing and of the subject matter, sufficient for identification, to be published in . . . [a manner prescribed], and has submitted a final report with recommendations to the city council or town meeting, or until twenty days shall have elapsed after such hearing without the submission of such report . . . . In a city no such ordinance as proposed to be originally established or changed as aforesaid shall be adopted until after the city council or a committee designated or appointed for the purpose by it has held a public hearing thereon, at which all interested persons shall be given an opportunity to be heard. Notice of the time and place of such hearing before the city council or committee thereof and of the subject matter, sufficient for identification, shall be published in . . . [a manner prescribed]. After such notice, hearings and report, or lapse of time without report, a city council or town meeting may adopt, reject, or amend and adopt any such proposed ordinance or by-law."

A notice of two hearings at the same time and place was so published as to comply with the statutory requirements as to time and means of publication and statement of the subject matter of the hearings.[1]   On August 12 the members of the committee sat in their customary seats in the aldermen's chamber.   The members of the planning board sat at a separate table.   An alderman presided and invited members of the planning board to question the speakers. All persons who desired to do so were permitted to speak. The committee and the planning board kept separate minutes and after the hearing the committee and the planning board separated for their deliberations.

The statute makes plain that the purpose of the planning board hearing is to enable it to be informed of the proposal and of citizens' views thereon and to report its recommendations if it wishes to do so.   Inasmuch as the ordinance can be enacted in the absence of any report from the planning board, there is no force in the contention that the statute intends that the hearing before the enacting body or its committee be held in the light of a report from the planning board.   The statute contemplates that the enacting body will act in the light of a report from the planning board, if any such is submitted (*Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 595), as well as of its knowledge of citizens' views and other pertinent information obtained at the public hearing held by it or its committee.   Nothing in this statutory scheme is disserved by the joint hearing, nothing in the statute bars it, and public convenience and advantage may result.   We see nothing in the suggestion that the language, "After such notice, hearings [emphasis supplied] and report, or lapse of time without report, a city council . . . may . . . [act]" shows a legislative intent that the board and the committee meet separately.   For all purposes of the statute, there was a planning board hearing

---

[1] Over the signature of the city clerk it gave notice of a hearing before the committee on claims and rules of the board of aldermen on Monday, August 12, 1963, at 7:45 P.M. at the City Hall.   Below the clerk's signature, and in the name of the city engineer and clerk of the planning board, appeared the following: "Notice is hereby given by the Planning Board that it will hold public hearing on the above petitions as described in the foregoing notice at the same time and place."

and a committee hearing. On this point, this is the opinion of the majority of the court.

2. The board of aldermen on December 16, 1963, modified its permission for a motel to allow it to be built to a height of fifty-eight feet. The final decree in effect rules this action invalid and remits Marriott to an application for a variance. In this aspect the decree was in error.

The statute (G. L. c. 40A, § 4) provides in part: "A zoning ordinance or by-law may provide that exceptions may be allowed to the regulations and restrictions contained therein, which shall be applicable to all of the districts of a particular class and of a character set forth in such ordinance or by-law. Such exceptions shall be in harmony with the general purpose and intent of the ordinance or by-law and may be subject to general or specific rules therein contained. The board of appeals established under section fourteen of such city or town, or the city council of such city or the selectmen of such town, as such ordinance or by-law may provide, may, in appropriate cases and subject to appropriate conditions and safeguards, grant to an applicant a special permit to make use of his land or to erect and maintain buildings or other structures thereon in accordance with such an exception." The ordinance (§ 25–8 [c] [8]) provided: "No building or structure shall exceed forty feet in height unless otherwise provided by the board of aldermen in accordance with the procedure provided in section 25–26." Section 25–26 provides appropriate procedures for applying for and granting exceptions. Other provisions of § 25–8 of the ordinance require that in a Business AA district the ground floor cannot exceed in area one fourth of the area of the lot and that the "ratio of the gross floor area of all buildings on one lot to the total area of the lot shall not exceed one." Hence the total floor area of the buildings, whatever the height, cannot exceed the area of the lot.

Thus there is an appropriate limitation in respect of the power to extend the height of a building, whereby the essential scheme of the ordinance for a relation between area and bulk is maintained and at the same time flexibility to adapt

buildings to particular sites and for particular uses is secured. The ordinance was a proper exercise of power under c. 40A, § 4, and the permission could not have been given as a variance. *Russell* v. *Zoning Bd. of Appeals of Brookline,* 349 Mass. 532, 536–537. See Rathkopf, The Law of Zoning and Planning (3d ed.) c. 54. There is nothing to the contrary in *Wrona* v. *Board of Appeals of Pittsfield,* 338 Mass. 87, 89–90, or *Tambone* v. *Board of Appeal of Stoneham,* 348 Mass. 359, 363–364. The record does not suggest that the discretion of the board was improperly exercised.

3. The board of aldermen on December 16, 1963, extended to November 20, 1964, the order of November 18, 1963, giving permission for a motel. There has been no further extension. An injunction preventing construction on the locus has been in force since December 17, 1963.

In 1963 the ordinance (§ 23.20 [b]) provided: "The rights under any permission . . . shall be exercised within such period of time as may be specified by the board of aldermen . . . or if no period is . . . specified, within six months, or such permission shall be null and void. The board of aldermen may extend the period of time for exercising rights under any permission granted by it as herein provided without the necessity of a further public hearing thereon unless such board or its committee on claims and rules shall vote to require such a public hearing." At the present time the provision (§ 25–26 [b]) is substantially the same except that the right to extend a permit after expiration of the existing period is made express: "The board of aldermen may extend the period of time for exercising rights under any permission granted under this section, whether or not such period of time shall have expired, without the necessity of a further public hearing thereon unless the board or its committee on claims and rules shall vote to require such a public hearing."

The defendants rightly construe the final decree as ruling that the board may now extend the permit for a motel. We construe the new section (25–26 [b]) to apply to per-

mits under the former section. The amendment clarified a procedural step. For this matter of procedure a permit granted under § 23.20 (b) is to be construed as a permit "granted under this section" within the meaning of § 25–26 (b) notwithstanding the adoption of a new ordinance. We are not concerned with a case where because of lapse of time it would be unreasonable to allow extension without a further public hearing. The delay through litigation and an injunction should not prejudice parties who, as it now turns out, had a right to proceed immediately under legal permits.

4. It was not error to decree that the public building commissioner, upon application by Marriott, issue a building permit. The parties were in agreement that, when the bill was filed, Marriott intended to seek and the public building commissioner, notwithstanding the request of the plaintiffs that he not do so, intended to grant a building permit for the construction of a motel on the locus "in accordance with the permissive use and site plan approval granted on November 18, 1963, as amended by the orders on December 16, 1963." The primary point at issue in the controversy now resolved is whether Marriott is entitled to that permit. The requirement of the decree that the permit be subject to "conditions" and "site plan approval" obviously refers to the action of the board of aldermen in imposing nine conditions and to the requirement of the ordinance for site plan approval. As noted in point 3 of this opinion, the permit for an exception must be made current.

5. No basis for a reversal is shown in the rulings on the evidence to which the plaintiffs briefly refer.

6. The final decree is modified by striking therefrom paragraphs 4 and 5 and the last clause of paragraph 3 reading, "and the height restriction of 40 feet unless otherwise varied by proper proceedings and authorities," and substituting in place thereof the words, "and the permissive exception to construct the motel to a height of fifty-eight feet," and as modified is affirmed.

*So ordered.*