ARTHUR B. BELFER & others *vs.* BUILDING COMMISSIONER OF BOSTON.

Suffolk.    March 8, 1973. – April 4, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & KAPLAN, JJ.

*Zoning,* Variance. *Equity Jurisdiction,* Declaratory relief.

Where a plaintiff sought declaratory relief to determine whether the building commissioner of Boston ought to be compelled, after his announced intention to refuse, to issue a building permit should the variances granted the plaintiff by the board of appeal withstand a court challenge, there was an actual controversy as required by G. L. c. 231A, § 1. [441–442]

Where an appeal from a decision of a board of appeal granting a zoning variance was not collusively made for the purpose of extending the life of the variance, the period of limitations regarding the use of the variance was tolled during the pendency of the appeal. [442–445]

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk on September 28, 1972.

The suit was reserved and reported by *Hennessey,* J.

The case was submitted on a brief.

*Peter Van, Robert F. Sylvia & Frederick F. Schauer* for the plaintiffs.

HENNESSEY, J.    This is a bill for declaratory relief pursuant to G. L. c. 231A brought in the county court. A single justice of this court reserved and reported the matter without decision to the full court.    The plaintiffs are the general partners of Devonshire Associates, a Massachusetts limited partnership.    By direction of the single justice, Paul R. Devin, Domenic DeLuca and Fidelity Management & Research Company, plaintiffs in a separate but related action pending in the Superior Court, were ordered to file appearances as interveners.

We summarize the facts as agreed by the parties.    On March 10, 1970, the plaintiffs acquired title to certain premises located at 228–256 Washington Street, Boston (the locus).    Prior to this, on March 21, 1969, Carol Management Company (Carol) filed an application for a building permit relative to the locus, with the knowledge and approval of the plaintiffs' predecessor in title to the locus.    The application requested permission to erect a thirty-three story building.    On March 24, 1969, the defendant denied the application for a building permit on the grounds that the building which Carol proposed to erect violated the provisions of the Boston Zoning Code for a business district in respect to floor area ratio, parapet setback, and off-street loading facilities.

Carol filed an appeal with the board of appeal of the city of Boston seeking variances from those sections of the zoning code which the proposed building would violate.    On September 22, 1970, the board of appeal granted the variances and filed its decision in the office of the defendant on September 29, 1970.    Various persons claiming to be aggrieved by the granting of the variances filed an appeal under St. 1956, c. 665, § 11, in the Superior Court sitting in Suffolk County.    This zoning appeal remains pending in the Superior Court.    The appellants in the zoning appeal are the interveners in the instant case.    These interveners and the plaintiffs in the instant suit entered into a contract which provides for the dismissal of the zoning appeal upon the happening of certain contingencies.

On September 22, 1972, the plaintiffs wrote to the defendant asking whether he would issue a building permit consistent with the variances granted if the application for the permit was made concurrently with the dismissal of the zoning appeal, but subsequent to September 28, 1972. The defendant replied on September 26, 1972, that he would not issue a building permit consistent with the variances granted, on the ground that the variances granted by the board of appeal would lapse and become null and void subsequent to September 28, 1972, pursuant to § 7–1 of the Boston Zoning Code.[1]

Section 7–1 of the Boston Zoning Code was enacted pursuant to St. 1956, c. 665, which in its main features corresponds to G. L. c. 40A but applies to the city of Boston only. Section 7–1, as set out in the margin,[2] provides in substance that variances from zoning regulations granted by the board of appeal expire if not used within two years of the date the variance is filed in the office of the building commissioner. Since the decision granting the variances in the instant case was filed on September 29, 1970, the defendant would not issue a building permit after September 28, 1972. Consequently, the plaintiffs brought this bill for declaratory relief, asking that the court declare that the filing of the appeal in the Superior Court from the granting of the variances by the board acted to stay the two year time limitation of § 7–1 of the Boston Zoning Code.

1. That there is an actual controversy, as required by G. L. c. 231A, § 1, is clear. The plaintiffs claim they

---

[1] Although it is not crucial to the issues of this case, we observe that the defendant apparently was in error by one day, even as to the position he asserted.

[2] "Section 7–1. Authorization for Variance. As provided for in Section 9 of Chapter 665 of the Acts of 1956, as now in force or hereafter amended, and subject to the provisions of Sections 7–2, 7–3 and 7–4, the Board of Appeal may, in a specific case after public notice and hearing, grant a variance from the terms of this code; provided, however, that such grant shall lapse and become null and void unless such variance is used within two years after the record of said Board's proceedings pertaining thereto is filed in the office of the Building Commissioner pursuant to Section 8 of said Chapter 665."

have a right to a building permit despite the lapse of two years. The defendant denies this and has expressed his intention not to grant a permit subsequent to the two year limitation. It is not necessary actually to apply for and be denied a permit, as long as the granting authority had unequivocally stated that he will refuse to grant a permit. See *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge*, 320 Mass. 516, 518; *New Bedford* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 329 Mass. 243, 247. It is true that declaratory relief in this case will not terminate the dispute over the validity of the variances, but it will terminate the uncertainty of whether a building permit will issue if the variances are adjudged valid in the suit involving them. Under his present position, the defendant will not issue a permit even if the variances are held to be valid. See *Travelers Ins. Co.* v. *Graye*, 358 Mass. 238, 240.

2. As to the merits, the plaintiffs argue that since the zoning variances, as a practical matter, could not be used during the pendency of the appeal from the granting of the variances, the appeal tolled the running of the two year period during which the variances had to be used. Though the plaintiffs have brought no Massachusetts case in point to our attention, they cite *Tantimonaco* v. *Zoning Bd. of Review of Johnston*, 102 R. I. 594, 599–600, as supportive of their position. In that case, the court held that where the validity of a building permit was the subject of litigation, the local zoning ordinance providing for the expiration of a permit if not acted upon within six months was stayed during the litigation. The court relied on the common sense practical consideration that the holder of a permit under attack would be more reluctant to incur obligations in using the permit than he otherwise would be.

The plaintiffs also argue that, by analogy, the case of *Woods* v. *Newton*, 351 Mass. 98, 103–104, supports their contention. In that case, a building permit had expired, the board of aldermen gave no further extension and an

injunction preventing construction on the locus was in effect during litigation. We held that the board could extend the permit since it was not unreasonable to allow an extension without a further public hearing and since the delay caused by litigation and an injunction should not prejudice parties who, as it turned out, had valid permits. This result, however, turned on the interpretation of an ordinance expressly granting the city of Newton the right to extend the period of time for exercising rights under a building permit, and hence, while helpful, is clearly distinguishable from the instant case. Moreover, in the *Woods* case, the holder of the permit was legally unable to use it because of the outstanding injunction. In the instant case, although the appeal from the decision granting variances created practical obstacles to their use, in that construction could proceed only at a legal risk caused by the appeal, the plaintiffs were entitled as of right to a building permit consistent with the variances for a period of two years.

The plaintiffs also analogize the instant case to cases from other jurisdictions relating to the tolling of a statute of limitations pending an appeal. The rule the plaintiffs ask us to adopt is that stated in *Dillon* v. *Board of Pension Commrs. of Los Angeles*, 18 Cal. 2d 427, 431. In that case, where an administrative remedy prevented the commencement of a civil action for a pension, the court said: "[T]he running of the statute of limitations is suspended during any period in which the plaintiff is *legally* prevented from taking action to protect his rights" (emphasis added). We need not decide whether this is the rule in the Commonwealth, since even if it were, it does not help the plaintiffs. As in the *Woods* case, *supra,* this rule applies when the plaintiff is legally prevented from acting. No such legal disability attended the circumstances in the instant case.

Two other considerations can be argued in opposition to the plaintiffs' position. The first argument arises out of St. 1956, c. 665, § 11, which provides that parties who appeal to the Superior Court in Suffolk County from deci-

sions of the board of appeal must file a surety bond, approved by the court, to indemnify and save harmless the person or persons in whose favor the decision was rendered from all damages and costs which he or they may sustain in case the decision of the board is affirmed. See *Begley* v. *Board of Appeal of Boston,* 349 Mass. 458, 460; *·McNeely* v. *Board of Appeal of Boston,* 358 Mass. 94, 106. Thus it is urged that a person who refrains from using a permit because of an appeal may recover secured damages including the value of an expired variance. The argument is not convincing. Such damages in many instances would provide a poor substitute for the right of a person to build under a variance, without the risks inherent in a pending appeal. We have in mind here, also, that there are limits to the amount of the bond which the judge may properly order. See *Damaskos* v. *Board of Appeal of Boston,* 359 Mass. 55, 63–64. *Broderick* v. *Board of Appeal of Boston,* 361 Mass. 472, 474, 475.

It can also be argued that, if an appeal tolls the expiration date of a variance, a collusive and nonadversary appeal can be used to toll the time limitation of a variance, perhaps to allow the owner more time to speculate on the value of the property interest which is the subject of the variance. We are not faced with that issue in this case, because there is no suggestion that the Superior Court appeal here is not bona fide. Nor do we suggest that the time limitation would necessarily be tolled during the pendency of a collusive and nonadversary appeal. We observe also that the board of appeal, as a defendant in the Superior Court, can press for an early trial and disposition of any appeal which appears to be collusive. In sum, we are not persuaded that the argument concerning the possibility of collusive appeals is controlling here.

We conclude that the relief from time limitations given in cases such as *Woods* v. *Newton,* 351 Mass. 98, *supra,* where a legal impediment exists to the use of a benefit, should also be given where an appeal from the granting of the variance creates equally real practical impediments to the use of a benefit. Otherwise a variance which was

lawfully awarded can be frustrated by the delay inherent in an appeal.  Unless an appeal tolls the time period, many variances would be meaningless.

We hold that, in the instant case where there is no contention or showing that the appeal was collusively made for the purpose of extending the life of the variance, the period of limitations regarding the use of a variance set forth in § 7–1 of the Boston Zoning Code is tolled during the appeal from the decision of the board granting the variance under St. 1956, c. 665, § 11.

3. The case is remanded to the county court for the entry of a decree consistent with this opinion.

*So ordered.*