JOSEPH THOMAS MURPHY, trustee, *vs.* BOARD OF SELECTMEN OF MANCHESTER & another.[1]

Essex.    April 19, 1973. — July 13, 1973.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Zoning,* Building permit, Construction work, Amendment of by-law or ordinance.

Grading and preliminary excavation work did not qualify as "construction" under G. L. c. 40A, § 11. [409]

Initiation of litigation to confirm title to land and to establish rights of way by the holder of a permit for certain building construction in a town did not, with respect to G. L. c. 40A, § 11, excuse substantial delay in doing a part of the construction work remaining after some of it had been completed or preclude a determination made that the delay constituted a failure of the permit holder to proceed with the work "continuously to completion so far as ... [was] reasonably practicable under the circumstances" as required by § 11, and the permit was no longer effective to allow doing such remaining part of the work after adoption of an amendment of the town's zoning by-law forbidding the kind of construction covered by the permit, even if the permit had been issued prior to the earlier of the time of notice of the hearing on the adoption of the amendment and the time of issuance of the warrant for the town meeting at which it was adopted. [410-411]

———————

[1] Town of Manchester.

PETITION in equity filed in the Probate Court for the county of Essex on June 3, 1969.

The case was heard by *Costello, J.*

*Charles W. Goddard,* Town Counsel, for the Board of Selectmen of Manchester & another.

*Norman J. Richards* for Joseph Thomas Murphy, trustee.

ARMSTRONG, J.   The petitioner seeks declaratory relief to establish whether a building permit issued to his predecessor in title, authorizing the construction of nine apartment buildings, each containing six dwelling units, in the town of Manchester, is still in effect.

The permit was issued on January 26, 1965, to one George C. Krewson, Jr., who transferred the property in question to the petitioner by deed dated June 30, 1965. Construction of four buildings, containing twenty-four of the fifty-four authorized units, began shortly thereafter and was substantially completed about May, 1966. The first tenant moved in during April, 1966. By the end of 1966, all twenty-four units had been rented.

It appears from the briefs that "on or about" August, 1966, the town amended its zoning by-law in such a way that the permit was no longer in compliance with its provisions.[2] The question to be decided is whether the permit continues to be effective to authorize construction of the remaining thirty units, notwithstanding the change in the zoning by-law.

In our view, it does not.

The question turns on the application of the provisions of G. L. c. 40A, § 11, inserted by St. 1954, c. 368, § 2. Section 11 reads in relevant part as follows: "[I]n a town, no zoning by-law or amendment thereof shall affect any permit issued or any building or structure lawfully begun before notice of hearing before the planning board or the zoning board, as the case may be, or, if there is neither, before the selectmen, has first been given or before the issuance of the warrant for

---

[2] The trial judge's report of material facts does not mention the amendment.

the town meeting at which such by-law or amendment is adopted, whichever comes first; provided, that construction work under such a permit is commenced within six months after its issue, and the work, whether under such permit or otherwise lawfully begun, proceeds in good faith continuously to completion so far as is reasonably practicable under the circumstances." The pleadings, evidence, report of material facts, and briefs are silent as to the date of "notice of hearing before the planning board or the zoning board, as the case may be, or, if there is neither, before the selectmen . . ." or the date of "issuance of the warrant for the town meeting at which such by-law or amendment is adopted . . .." We assume for purposes of decision that the permit was issued before the earlier of those dates.

The trial judge did not make a specific finding with respect to whether construction work on the thirty units in question commenced within six months after issuance of the permit. The evidence, which is reported, would not warrant such a finding.

There is evidence to the effect that "some time in 1966 . . . [the petitioner] did level off the Stone Mill property," on which six units were to be built, and that "[he] also did some preliminary excavation work on the other buildings, but that was not carried forth at this time . . .." So far as appears no further construction work had been done as of the time of trial in January, 1971. This site preparation activity would not qualify as construction as that word is used in § 11. *Alexander* v. *Building Inspector of Provincetown,* 350 Mass. 370, 374-375 (1966).

The petitioner argues that the commencement of construction on the twenty-four units now completed satisfied the six-month requirement in § 11, and that his delay in proceeding "continuously to completion" of the remaining units authorized by the permit has been caused by two legal proceedings which made further construction not "reasonably practicable under the circumstances." It is open to question whether, where one permit authorizes the construction of severable, distinct, independent buildings, the

six-month requirement is not applicable to each of those buildings. We do not consider that issue, because in our opinion the petitioner has not proceeded "in good faith continuously to completion so far as is reasonably practicable under the circumstances," as required by § 11.

The first of the lawsuits in question apparently confirmed the petitioner's title to a part of the locus referred to as "the Stone Mill property," on which one building, containing six units, was to be constructed. According to the petitioner's testimony, this litigation was concluded in late August, 1966. The evidence discloses no reason why construction of this building was delayed thereafter.

The second lawsuit, concerning the existence of a right of way connecting the opposite end of the petitioner's lot with Friend Street, was not commenced by the petitioner until December 27, 1966, more than twenty-three months after issuance of the permit. *Murphy* v. *Crosby, ante,* 402 (1973). There is no showing that the outcome of this suit would have had a material effect on the location or construction of any units.

The present suit was not commenced until June, 1969.

Some types of litigation, such as an appeal from the issuance of the permit itself (*Belfer* v. *Building Commr. of Boston,* 363 Mass. 439 [1973]), or litigation enjoining construction under the permit (*Woods v. Newton,* 351 Mass. 98 [1966]), might have the effect of tolling the time periods under § 11. In our opinion, however, § 11 does not countenance delay arising from the initiation by the permit holder of litigation to confirm title or to establish rights of way after issuance of the permit. Section 11 requires the permit holder to commence and pursue construction, not litigation, in order to preserve the validity of a permit after a zoning change would otherwise have the effect of invalidating it. Litigation of the type brought by the petitioner may take years to complete. "The normal delays of construction are generally of comparatively brief duration . . . ." *Papalia* v. *Inspector of Bldgs. of Watertown,* 351 Mass. 176, 179 (1966). That case states that the "circumstances" § 11 refers to are "incidents of the construction

process." *Id.*, at 180. The two lawsuits alleged to have caused the delay in the present case are not, in our opinion, incidents of the construction process. The purpose of the statute would be subverted if construction of the remaining thirty units were allowed to commence many years after the adoption of the zoning by-law amendment.

The final decree is reversed, and a new decree is to enter declaring that the building permit issued on January 26, 1965, is no longer effective to permit the construction of the thirty units then authorized but not yet built.

*So ordered.*