MULLEN LUMBER COMPANY, INC. *vs.* BOARD OF APPEALS OF MARSH-FIELD & others. May 11, 1979. This is an appeal from a judgment entered in the Superior Court ordering that building permits be issued to the plaintiff for all the lots still owned by the plaintiff shown on a subdivision plan approved in April of 1966. The judgment also re-quires the plaintiff to comply with G. L. c. 131, § 40, as amended, before commencing construction on the lots in question. We think the case was rightly decided for the reasons given by the judge in the initial discussion section of his "Memorandum of Decision." We thus have no need to consider the latter portion of his decision entitled "Further Discussion."

We accept the invitation of the plaintiff not to traverse the long, murky, and circuitous path of this controversy. Compare *Sisters of the Holy Cross* v. *Brookline,* 347 Mass. 486, 498-499 (1964). By taking a realistic view of the posture of this matter, we are able to conclude that the case of *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hing-ham,* 3 Mass. App. Ct. 446, 457-458 (1975), controls the instant case in all material aspects. See also *Belfer* v. *Building Commr. of Boston,* 363 Mass. 439, 442-445 (1973).

We agree with the judge that the "plaintiff's subdivision was subject to the [zoning] bylaws as they existed in April 1966." The judge's findings pertaining to the reasons the various town officials gave for refusing to issue building permits amply support his implicit conclu-sion that the refusal of the building inspector to issue building permits to the plaintiff in 1972 was illegal. There is ample support in the record as well for his finding of a "pattern of action by [the board] show[ing an] intent to hinder and delay plaintiff." See Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). Those findings, when taken in conjunction with the uncontested finding that the subdivision at issue was protect-ed from any changes in the zoning by-law for seven years (see G. L. c. 40A, § 7A, as in effect prior to St. 1975, c. 808, § 3), provide an adequate basis in the record to affirm the judgment entered.

As the judgment was directed only to the "defendant," it is to be modified to read the "defendant building inspector," and as so modified, is affirmed.

*So ordered.*

*Robert E. Galvin (James E. Clancy* with him) for the defendants.
*J. Owen Todd* for the plaintiff.