ANGELO PASQUALINO & others *vs.* BOARD OF APPEALS OF WAREHAM & another.[1] September 27, 1982. The plaintiffs brought an action in the Superior Court seeking review of the board's denial of their request for a variance from the minimum lot size requirements of the town's present zoning by-law and seeking a declaratory judgment stating that they are entitled to develop certain property within the town pursuant to a previously approved subdivision plan. The trial judge granted a motion to dismiss under Mass.R.Civ.P. 12(b) (1) and (6), 365 Mass. 754-755 (1974), and entered judgment for the defendants. The plaintiffs have appealed. *Counts 1 through 3:*

The judge did not err in dismissing counts 1 through 3 of the complaint. The circumstances of this aspect of the case are controlled in all material respects by *Costello* v. *Board of Appeals of Lexington,* 3 Mass.

---

[1] The town of Wareham.

App. Ct. 441, 442-445 (1975), where this court construed G. L. c. 40A, § 21, the predecessor of the current § 17. A complaint seeking review in the Superior Court of a decision of a board of appeals must be filed (with a copy of the complaint) with the appropriate town clerk within twenty days of such decision. G. L. c. 40A, § 17, as most recently amended by St. 1978, c. 478, § 32. The plaintiffs cannot claim that the required notice was received by the town clerk within the required statutory period, because the only notice sent was addressed to the board. "Manifestly the purpose of the notice provision is not served within the time limited unless the notice is received within the time limited." *Costello* v. *Board of Appeals of Lexington*, 3 Mass. App. Ct. at 443. The case of *Twomey* v. *Board of Appeals of Medford*, 7 Mass. App. Ct. 770 (1979), relied on by the plaintiffs, is of no avail, as that case is entirely consistent with *Costello*. See *Twomey, supra* at 773. See also *Marvin* v. *Board of Appeals of Medfield*, 5 Mass. App. Ct. 772 (1977).

*Count 4:*

The plaintiffs claim that they are entitled to a variance on the ground that it had been granted as matter of law — "constructively" granted — by the board under the fifth paragraph of G. L. c. 40A, § 15 (as appearing in St. 1975, c. 808, § 3). See *Rinaudo* v. *Zoning Bd. of Appeals of Plymouth*, 383 Mass. 885 (1981). We cannot agree, as there is nothing in the record that would permit the judge to conclude that the plaintiffs' application had been filed with the town clerk in accordance with the requirements of G. L. c. 40A, § 15, so as to cause the board's decision of April 21, 1981, to fall outside the seventy-five day limit mandated by that provision. The plaintiffs' allegations in their complaint and amended complaint that they filed their application for a variance on February 4, 1981, not only lacks support in the record, but is not in accord with the evidence.

*Counts 5 and 6:*

The plaintiffs' claim that "real practical impediments" tolled the seven-year "freeze" on zoning amendments under former G. L. c. 40A, § 7A, as now embodied in G. L. c. 40A, § 6; that their plans for development vested prior to the zoning changes; and that the town is estopped from enforcing the zoning amendments. We summarily reject those contentions. The seven-year period under the present G. L. c. 40A, § 6, may be tolled if litigation, appeals or actions by municipal officials make the legality of the construction or plans questionable so as to impede work on or completion of the project. Compare *Woods* v. *Newton*, 351 Mass. 98, 103-104 (1966); *Belfer* v. *Building Commnr. of Boston*, 363 Mass. 439, 442-445 (1973); *Cape Ann Dev. Corp.* v. *Gloucester*, 371 Mass. 19, 23 (1976); *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham*, 3 Mass. App. Ct. 446, 458 (1975). The impediments in this case, however, which arose because of financial difficulties experienced by the developers, must be characterized as personal and do not warrant a tolling of the seven-year

grace period. See *Papalia* v. *Inspector of Bldgs. of Watertown*, 351 Mass. 176, 179-180 (1966); *Smith* v. *Board of Appeals of Brookline*, 366 Mass. 197, 201-202 (1974); *Murphy* v. *Selectmen of Manchester*, 1 Mass. App. Ct. 407, 410-411 (1973).

The plaintiffs' estoppel argument, apart from the dubious nature of the assumption that a town may be estopped from enforcing its zoning by-law, must fail for the reason, if no other, that there are no facts alleged which would establish that the plaintiffs reasonably relied on the town's actions in changing their positions concerning development of the land. Furthermore, the plaintiffs' reliance on G. L. c. 40A, § 6, fifth par., as the underlying principle of vested rights and estoppel is self-defeating, as any actions on their part in alleged reliance on the town's actions must have been taken with the understanding that they were working under the constraints imposed by that paragraph and the zoning by-law then in effect.

The judgment of dismissal is affirmed as to counts 1-4; the judgment as to counts 5 and 6 is to be modified to declare the rights of the parties in a manner consistent with this opinion, and as so modified is affirmed.

*So ordered.*

The case was submitted on briefs.

*John R. Walkey & Laura J. Goldin* for the plaintiffs.

*Joseph R. Grassia*, Town Counsel, *& Alice M. Vogler* for the defendants.