Kern, J.

INTRODUCTION

The plaintiffs bring this appeal under G.L.c. 40A, §17 (Count I) challenging a decision by the Andover Zoning Board of Appeals (“ZBA”) to grant, extend and toll the use of a variance; and under G.L.c. 231A, §§1 and 2 (Count II) to declare the variance defective on its face because it was granted in violation of G.L.c. 40A, §10. This variance was granted in conjunction with three Special Permits and an Order of Conditions to the defendants, Louis P. Minicucci, Jr. and Thomas D. Laudani as Trustees of Northpoint Realty Trust (“trustees”). The trustees move to dismiss under Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For reasons stated below, the trustees’ Motion to Dismiss is ALLOWED.

BACKGROUND

The variance at issue was granted pursuant to Article VIII, Sections 5A and 5B of the Andover zoning by-laws to the trustees by the ZBA on July 21, 1999. The trustees are in the process of building a residential and commercial development on land they own in Andover. Plaintiffs own a home in Andover which abuts trustees’ property. The variance allows trustees to exceed the current height restriction set by the Andover zoning bylaws by fifteen feet so that they may use a peaked roof design for their proposed 65,000 square foot medical office building. In conjunction with the variance, the ZBA also granted trustees three Special Permits and an Order of Conditions drafted by the Andover Conservation Commission. On May 15, 2000, plaintiffs appealed the ZBA’s decision to grant the Special Permits and Order of Conditions in Salem Superior Court. Hadley v. Miller, Civil No. 00-0859-A (Essex Super.Ct. February 13, 2002). The variance, however, was not challenged by the plaintiff at that time. Work on the project was halted during the pendency of the appeal.
On June 1, 2000, the ZBA granted the trustees a six-month extension of the variance pursuant to G.L.c. 40A, §10 noting that the pending appeal of the Special Permits and Order of Conditions was the reason the variance had not been exercised.-Complaint at Exhibit 3, p. 2. As the end of the six-month extension approached, the appeal was still pending. Under G.L.c. 40A, § 10, if a variance is not exercised within one year, *108 or eighteen months including the extension, the variance lapses and the entity must file for a new variance. On January 8, 2001, before the expiration of the extension, the trustees filed an application with the ZBA seeking 1) a new variance, 2) a determination that the prior variance had been exercised (and thus had not lapsed) or 3) a determination that the pending appeal had tolled the time limit within which the variance had to be exercised. The ZBA voted “to initially consider only whether the variance had been exercised or whether it was merely tolled. If neither of those issues were determined in favor of [the trustees], the [ZBA] would then conduct a hearing on the application for a new variance.” Complaint at Exhibit 4, p. 2. After further hearing on the issue, the ZBA determined that “since no building permit had been issued, the variance could not and had not been exercised” within the time limits imposed by G.L.c. 40A, § 10. Complaint at Exhibit 4, p. 3. By a vote of 4-1, the ZBA decided however, that although the variance had not been exercised, “the [pending] appeals [of the Special Permits and Order of Conditions] tolled the time within which the variance must be exercised.” Id.
Plaintiffs argue that under the plain meaning of G.L.c. 40A, §10 if a variance is not exercised it lapses— if the holder has already been granted a six-month extension, the ZBA must conduct a hearing for a new variance. Plaintiffs move to nullify the variance as having been tolled in violation of the statute. Defendants argue that plaintiffs have not alleged sufficient facts on which a claim for relief can be granted because 1) plaintiffs do not have standing as they are not “aggrieved,” 2) the court does not have jurisdiction over plaintiffs’ challenge of the variance or the extension, because their appeal was not timely, and 3) the ZBA’s determination that the pending appeal tolled the use of the variance was within the board’s discretion for which they made adequate findings.

DISCUSSION Standard of Review

When evaluating the sufficiency of a complaint under Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which cam be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1981), and cases cited. “[T]he complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle[them] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). All inferences should be drawn in the plaintiffs favor “so as to do substantial justice.” Ourfalian v. Aro Manufacturing Co., Inc., 31 Mass.App.Ct. 294, 296 (1991).

Standing

In Massachusetts, abutters to property have “automatic” standing under G.L.c. 40A, §11 to challenge the decisions of the zoning board relating to that property. “Abutters entitled to notice of zoning board of appeals hearings enjoy a rebuttable presumption they are ‘persons aggrieved.’ ” Marashlian v. Newburyport Board of Zoning Appeals, 421 Mass. 719, 721 (1996). In plaintiffs appeal challenging the Special Permits and Orders of Condition, this court found, “[it appears] from the materials submitted that a portion of plaintiffs’ property lies directly across the Shawsheen [River] from a portion of the Locus and within 100 feet of it, qualifying plaintiffs as abutters under Article XIV, §16 of Andover’s Zoning Bylaw.” Hadley v. Miller, Civil No. 00-0859-A (Essex Super.Ct, February 13, 2002) (Billings, J.). Nothing has been presented to this Court to contradict Judge Billings’s earlier finding. Therefore, plaintiffs have standing under G.L.c. 40A, §11 to challenge the decision of the ZBA.
G.L.c. 40A, §17
General Laws c. 40A, §17, requires that appeal of a zoning board decision be filed within twenty days from the day the decision is filed with the town clerk. Bonfatti v. Zoning Bd. of Appeals of Holliston, 48 Mass.App.Ct. 46, 50 (1999); Iodice v. City of Newton, 397 Mass. 329, 333 (1986) (“by its plain language, §17 establishes that a person aggrieved by a decision of a special permit granting authority must seek review of that decision, if at all, within twenty days of the filing of the decision in question . . . [where the appeal was filed well beyond the twenty-day limit,] the Superior Court is without jurisdiction to entertain the action, . . . and it must be dismissed”). “Timely commencement of the appeal in the Superior Court is a condition of maintaining it, a condition sine qua non, and is a requirement this court has policed in the strongest way.” Cappuccio v. Zoning Bd. of Appeals of Spencer, 398 Mass. 304, 311-12 (1986) (internal citations omitted). The initial grant of the variance was filed by the town clerk on July 21, 1999, and the extension thereof granted July 25, 2000.[3] Since the complaint was not filed until April 17, 2001, plaintiffs’ contention that the underlying variance and the extension thereof is unlawful must be disregarded as untimely and this court must dismiss it pursuant to Cappuccio.

Tolling of the Required Use of the Variance

The SJC has held that,
. . . where a legal impediment exists to the use of a benefit, [relief from time limitations] should [ ] be given where appeal from the granting of the variance creates equally real practical impediments to the use of a benefit. Otherwise a variance which was lawfully awarded can be frustrated by the delay inherent in an appeal. Unless an appeal tolls the time period, many variances would be meaningless.
*109 Belfer v. Building Commissioner of Boston, 363 Mass. 439, 444-45 (1973) (period during which variance must be exercised tolled during appeal from decision of board granting the variance); Woods v. Newton, 351 Mass. 98, 104 (1966) (holder of building permit legally unable to use it due to outstanding injunction should not be prejudiced byjudicially imposed delay). See also M. DeMatteo Construction Co. v. Board of Appeals, 3 Mass.App.Ct. 446, 458 (1975). Here the appeal which frustrated the continuation of the development project was not an appeal of the variance at issue but rather of three Special Permits and the Order of Conditions. The effect of that appeal created a “practical impediment to the use of the benefit,” and use of the variance should be tolled. Belfer, supra. Furthermore, “where there is no contention or showing that the appeal was collusively made for . . . extending the use of the variance, the period of limitations regarding the use of the variance ... is tolled during the appeal...” Belfer, 363 Mass. at 445. As in Belfer, this Court is not faced with “a collusive and nonadversary appeal." Belfer, 363 Mass at 444. The ZBA “applied the proper legal standard and [ ] its decision [was] reached in the exercise of its discretion.” Hunters Brook Realty Corp. v. Zoning Board of Appeals of Bourne, 14 Mass.App.Ct. 76, 84 (1982).

ZBA’s Authority to Make a Decision Regarding Tolling

“Under . . . G.L.c. 40A, §17, a decision of the board ‘can be disturbed only if it is based on a legally untenable ground ... or is unreasonable, whimsical, capricious, or arbitrary.’ ” Gulf Oil Corp. v. Board of Appeals of Framingham, 355 Mass. 275, 277 (1969) (internal citations omitted). See Pendergast v. Board of Appeals of Barnstable, 331 Mass. 555, 559-60 (1954). “[T]he discretion contemplated by the variance power is vested in the board alone, and [ ] a court should not usurp this authority by substituting its judgment for that of the board.” Hunters Brook Realty Corp v. Zoning Board of Appeals of Bourne, 14 Mass.App.Ct. 76, 79 n.6 (1982). The ZBA must apply the proper legal standard and reach its decision in the exercise of its discretion. Hunters Brook Realty Corp. v. Zoning Board of Appeals of Bourne, 14 Mass.App.Ct. at 84. Plaintiffs argue that since G.L.c. 40A, §10 requires a new hearing once a variance lapses, the ZBA’s decision to toll the use of the variance went beyond the scope of their discretion by determining that the variance had not been exercised rather it had not lapsed because it could not be exercised. ZBA’s determination was based on research and review of the issue as presented to them by trustees’ attorney. The ZBA made findings which supported its decision to toll the use of the variance instead of requiring the trustees to reapply as they were prepared to do. Incorporation of equitable principals which have been applied consistently since (at least) 1966 is not a legally untenable ground or arbitrary or capricious. As the court held in Woods v. Newton, 351 Mass. 98, 104 (1966): “We are not concerned with a case where because of lapse of time it would be unreasonable to allow extension without a further public hearing. The delay through litigation and an injunction should not prejudice parties who, as it now turns out, had a right to proceed immediately under legal permits.” Consequently, the decision to toll the use of the variance was not an abuse of the ZBA’s discretion.

ORDER

For the above reasons, the trustees Louis P. Minicucci, Jr. and Thomas D. Laudani’s Motion to Dismiss is ALLOWED.

Dates for filing of ZBA’s determinations; see Complaint at Exhibits 2 and 3.