EDWARD B. WEBSTER vs. FRANKLIN COUNTY TRUST
COMPANY & others.

Franklin.   January 26, 1943. — March 29, 1943.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Absentee.   Probate Court*, Jurisdiction, Equity proceeding, Absentee,
Parties, Petition. *Equity Jurisdiction*, Absentee. *Bank and Banking*.

The equity jurisdiction of a Probate Court does not extend to the dispo-
sition of property of an absentee remaining unadministered upon the
death of the receiver; that is a matter to be dealt with on the probate
side of the court.

A Probate Court has inherent power to appoint a new receiver of prop-
erty of an absentee remaining unadministered upon the death, resigna-
tion or removal of the receiver.

Upon the death of the receiver of an absentee leaving a balance of the
absentee's property ready for distribution, one adjudged to be the sole
person interested in that balance had a standing to petition for the
appointment of a receiver in place of the deceased receiver without
giving notice.

Upon the death of a receiver of property of an absentee following the
allowance of his account and a decree ordering distribution of the bal-
ance in his hands, consisting of a bank deposit, to one who was the sole
person entitled thereto, the Probate Court had no power to compel the
bank to pay the deposit to such person; the proper procedure was to
appoint him or some other suitable person receiver in place of the former
receiver with whom the bank had contracted respecting the deposit.

Upon a "petition in equity" in a Probate Court seeking certain relief or,
in the alternative, appointment of a receiver of an absentee's property,
this court, having decided that such an appointment would be the
proper relief, ordered the petition dismissed without prejudice to the
petitioner's right to bring a petition for such an appointment upon the
probate side of the court on the form approved therefor.

PETITION, filed in the Probate Court for the county of
Franklin on August 12, 1942.

The case was heard by *Thompson, J.*

*A. S. McLaud*, for the petitioner, submitted a brief.

No argument nor brief for the respondents.

DOLAN, J. This is a petition "in equity" by which
the petitioner seeks to have a receiver appointed of the
property of Albert Robbins, an absentee, in place of Henry

P. Herr, former receiver thereof who has deceased, or, in the alternative, to require the respondent trust company to pay over to the petitioner a deposit of $971.76 standing in the name of Mr. Herr as receiver of the property of the absentee.

Having heard the case for final determination the judge reported "the petition, the finding of facts and the questions of law" for determination by this court. See G. L. (Ter. Ed.) c. 215, § 13.

The material facts found by the judge follow. Mr. Herr was duly appointed and qualified as receiver of the property of the absentee. The time fixed for distribution of the property by G. L. (Ter. Ed.) c. 200, § 13, having arrived, Mr. Herr filed his first "and final" account showing a balance for distribution of the amount represented by the deposit to which we have referred above. At the same time he filed a petition for distribution of that balance to the petitioner in this case, representing him to be the only person who would be entitled thereto had the absentee "died intestate within the commonwealth on the day fourteen years after the date of disappearance or absconding as found and recorded by the court." G. L. (Ter. Ed.) c. 200, § 13. After due notice decrees were entered by the judge, allowing the account, and ordering distribution of the balance in the hands of Mr. Herr, represented by the deposit in question, to the petitioner in this case. Within the time limited for appeal from those decrees Mr. Herr died. No appeal, however, was ever taken from those decrees, and the distribution decreed has not been made. The deposit in question "is identified as the fund ordered to be so distributed."

The judge states in his report that he is in doubt whether he should appoint a new receiver of the property of the absentee, "the court having found said petitioner entitled to such property and the statute making no provision for receivers de bonis non," and that he is also in doubt whether he should order the respondent trust company to pay over to the petitioner the deposit in question. The petitioner now contends that the latter is the proper course to be

pursued, relying upon the provisions of G. L. (Ter. Ed.) c. 215, § 6, as amended, under which equity jurisdiction, concurrent with that of the Supreme Judicial Court and the·Superior Court, is conferred upon the Probate Courts of certain matters, among them cases involving in any way the property of any absentee of which a receiver has been appointed. The provisions of that statute, however, are limited to matters that are cognizable under the general principles of equity jurisprudence and have no application to proceedings for the determination of which the statutes make specific provision on the probate side.

The appointment of receivers of the property of absentees and the distribution of the property are provided for by statute. G. L. (Ter. Ed.) c. 200. Those subject matters are not within the scope of equity jurisprudence, except that in the matter of the distribution of the property equity may be invoked under its general principles, as, for example, in petitions for instructions, or in petitions for equitable replevin, in which, however, the receiver would be either party petitioner or respondent. See by way of analogy *Meagher* v. *Kimball,* 220 Mass. 32; *Stowell* v. *Ranlett,* 238 Mass. 599; *Mitchell* v. *Weaver,* 242 Mass. 331.

In the present case, since adequate relief may be had under the governing statutes by the appointment of a receiver of the property of the absentee remaining undistributed, we think that the case must be dealt with on the probate side of the Probate Court and not in equity. *Bennett* v. *Kimball,* 175 Mass. 199. *Green* v. *Gaskill,* 175 Mass. 265, 268. See *Abbott* v. *Gaskins,* 181 Mass. 501. (But with reference to the case last cited see now G. L. [Ter. Ed.] c. 204, § 15.)

The account of the deceased receiver has been allowed and his charges have been satisfied. His petition for the distribution of the balance in his hands to the petitioner in this case has been allowed, and it has been established that the petitioner is the sole person entitled to that balance. The death of the former receiver did not interrupt the running of the time limited for appeal by anyone interested. See *Golden* v. *Crawshaw,* 302 Mass. 343, 344. That time has

expired and no appeal has been taken. As the sole person interested, the petitioner in this case has standing to petition for his appointment as receiver in the place of the deceased receiver without giving notice thereof. G. L. (Ter. Ed.) c. 215, § 47. The absence from the statute of a provision for the appointment of a receiver of the property remaining unadministered, in case of the death, resignation or removal of a receiver, is not material. Obviously such authority is inherent in the Probate Court, and necessarily incidental to the accomplishment of the purposes of the statute (c. 200). See *Barrell* v. *Globe Newspaper Co.* 268 Mass. 99, 104.

That some inconvenience to the petitioner might be avoided by direct order to the respondent trust company to pay to him the deposit in question, as prayed for in the petition, does not serve to confer authority upon the Probate Court to make such an order. The deposit by the deceased receiver in the trust company did not create any relationship between the trust company and the Probate Court, but simply created the relationship of debtor and creditor between the trust company and the depositor, the now deceased receiver. The contract was with him and no trust was created by the deposit. *Day* v. *Old Colony Trust Co.* 228 Mass. 225, 228, 229. *Mohan* v. *Woburn National Bank, ante,* 306.

We think that the Probate Court has no jurisdiction in equity or otherwise to command the trust company to pay the deposit to the petitioner in this proceeding. It follows that the present petition is to be dismissed without prejudice to the right of the petitioner to petition upon the form approved for that purpose (G. L. [Ter. Ed.] c. 215, § 30) for his own appointment or that of some other suitable person as receiver of the property in question in place of the deceased receiver, in accordance with what we have said.

*Ordered accordingly.*