INGEBORG A. THORNTON *vs.* MAURICE McWALTER, executor, & another. January 6, 1953. Decrees affirmed. This is a petition in equity in the Probate Court by an heir at law and next of kin of Carl T. Herstad against his executor seeking a preliminary restraining order to prevent the sale by him of certain real estate and a business located thereon to the other respondent, Denisevich, and an order from the court requiring the executor, to whom a license had been issued, to sell the property to the highest bidder. The petition alleged that the son of the petitioner made an offer to the executor and requested an opportunity to bid against any bona fide bidder but the executor has entered into an agreement with Denisevich to sell the property; that the amount Denisevich paid or will pay is less than the son's offer; that the executor has acted arbitrarily and contrary to the best interest of the estate; and that the executor "has displayed a more than reasonable interest in having the property purchased by the said George Denisevich" and has not

acted in accordance with the terms of the license. The petition, which is brought primarily for the benefit of the son, does not allege that he was able, ready, and willing to buy in accordance with his offer. It does not allege that the sale to Denisevich is for an inadequate price. So far as appears the sale to Denisevich may have been completed even before the son's offer. No fraud is alleged. The terms of the license are not set forth. It is not alleged that there was any appeal from the decree granting the license. The allegations that the executor has acted arbitrarily and has shown an interest in selling the property to Denisevich, like other general conclusions with which the petition abounds, are not supported by any specific and particular averments of fact. The demurrers were properly sustained. *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 474. *Carson* v. *Gikas,* 321 Mass. 468, 470. There was no abuse of discretion in denying a preliminary injunction. It was the duty of the executor to obtain the best available price. *Hunt* v. *Frost,* 4 Cush. 54. The petitioner has an adequate remedy on the probate side of the court. If the license has not been exercised, it might be revoked. The executor might be required to furnish at once additional surety. He might possibly be removed. If the estate sustained a loss he will have to make good in the settlement of his account. See G. L. (Ter. Ed.) c. 204, § 11. While a Probate Court has "jurisdiction in equity . . . of all cases and matters relative to the administration of the estates of deceased persons," G. L. (Ter. Ed.) c. 215, § 6, as appearing in St. 1937, c. 257, as amended by St. 1951, c. 657, § 2, the court should not entertain a petition in equity when it can furnish the relief to which the petitioner is entitled upon the probate side of the court. *Foster* v. *Bailey,* 157 Mass. 160. *Bennett* v. *Kimball,* 175 Mass. 199. *Green* v. *Gaskill,* 175 Mass. 265, 268. *Storer* v. *Coggan,* 260 Mass. 515. *Webster* v. *Franklin County Trust Co.* 313 Mass. 401.

*C. Sheldon Williams,* for the petitioner.

*Thomas F. Garrity, Jr., & John M. Eaton, Jr.,* for the respondents.