JULIA A. RUSSO *vs.* JOSEPHINE INZIRILLO & others. December 8, 1971. This is an appeal from a decree of the Probate Court dismissing a petition in equity by Julia A. Russo praying that the respondents be ordered to convey to the petitioner their interest in a parcel of real estate owned by Michael M. Russo, the petitioner's husband, at the time of his death. The judge filed a report of material facts and the evidence was not reported. After several conferences where all the parties were represented by counsel the respondents, heirs at law of Michael M. Russo, for consideration paid, gave to the petitioner releases on probate form A. C. 147 "of all claims which they might have as heirs at law of the deceased." The inventory of the estate of Michael M. Russo included a parcel of real estate. The petitioner argues that it was the intention of the parties to include the real estate as well as the personal property when the releases were executed by the respondents. In dismissing the petition the probate judge found that it was not the intention of the parties to include the real estate in the releases. There

were no subsidiary findings by the judge as to the reasons for his decision. There was no error. The rule in Massachusetts is that title to realty of a deceased intestate vests immediately in the heirs and no distribution is required. *Lynde* v. *Vose*, 326 Mass. 621, 623. *Shrewsbury* v. *Murphy*, 333 Mass. 290, 292. It does not pass to the administrator who is without power to convey real estate except by special authorization and license of the Probate Court. *Roper* v. *Murphy*, 317 Mass. 176, 178. The documents executed by the respondents and given to Julia Russo, administratrix, unequivocally released and discharged debts and liabilities on account of the estate of Michael M. Russo. The releases were executed on probate form A. C. 147 generally used for the release of personal property. No mention is made of realty in the releases. The mere use of words "heir at law" in the releases cannot be construed as an intent to include realty. The words have reference to those inheriting personal as well as real property. *Brandeis* v. *Atkins*, 204 Mass. 471, 474–475.

*Decree affirmed.*

*Charles J. Humphreys* for the petitioner.
*Bernard Kaplan*, for the respondents, submitted a brief.