ARTHUR S. HAYES & another, executors, *vs.* RAMESH V. KAPUR & others. May 27, 1980. This case involves appeals from actions taken by a Probate Court in connection with a petition by the executors for leave to sell certain shares of stock owned by the late John A. Mooney, Jr. The nub of the controversy is whether in the circumstances the Probate Court could properly revoke its prior decree allowing a petition to sell the stock.

1. Kapur is neither a beneficiary nor a creditor of the estate. He is the prospective purchaser of the stock. Even if we assume that Kapur has standing to contest the actions of the probate judge (but see *Onanian* v. *Leggat*, 2 Mass. App. Ct. 623 [1974]), we do not reach the merits because the order of June 29, 1979, revoking the court's order of May 23, 1979, which allowed the petitioner to sell the stock in question (see *Thornton* v. *McWalter*, 329 Mass. 768 [1953]), is not a final decree, but merely an interlocutory ruling (compare *Vincent* v. *Plecker*, 319 Mass. 560, 562-564 & n.2 [1946]), and hence not properly before us at this time. See *Pollack* v. *Kelly*, 372 Mass. 469, 470-472 (1977). Compare *Borman* v. *Borman* 378 Mass. 775, 778-785 (1979). Contrast Mass.R.Dom.Rel.P. 64 (1975); G. L. c. 215, § 13. The case of *Olsson* v. *Waite*, 5 Mass. App. Ct. 93 (1977), *S.C.*, 373 Mass. 517 (1977), is distinguishable from the instant case, because in that case there was no basis for revocation of the decree. Compare also *Mahoney* v. *Mahoney*, 5 Mass. App. Ct. 720, 725-727 (1977).

2. Deciding as we do that Kapur's appeal is not ripe for review, we need not discuss the other issues raised in the various appeals.

The guardian ad litem's motion to dismiss Kapur's appeal is allowed; the appeals of the guardian ad litem and Elinore M. Sawyer are dismissed

as moot, and the case is remanded to the Probate Court for further pro-
ceedings on the executors' petition for leave to sell.

*So ordered.*

*Richard T. Tucker* for Ramesh V. Kapur.

*John E. Rogerson* (*Katherine L. Babson, Jr.*, with him) for the guardi-
an ad litem.