SHIRLEY LAGASSE, administratrix, *vs.* GARY T. LAGASSE (and a companion case[1]). May 20, 1985. *Probate Court,* Jurisdiction. *Declaratory Relief. Executor and Administrator,* License to sell real estate, Real estate of decedent. *Contract,* Sale of real estate.

After Shirley Lagasse, as administratrix of the estate of her husband, Richard, received a license to sell a parcel of real estate, a coowner, Livia Lagasse (Richard's first wife), received an apparent offer to sell the property for more than the upset price in the license. Shirley and Livia both had signed an agreement to sell the property for $650,000 to a David W. Murray,

---

[1] Livia Lagasse *vs.* Shirley Lagasse, as administratrix and in her individual capacity, David W. Murray, Gary T. Lagasse, Cynthia R. McCarthy, Sandra G. Shipko, Rose Gendron and Donald J. Loiselle.

i.e., Livia and the estate would each receive $325,000 in gross proceeds. Uncertain as to her obligations under the agreement, Livia brought a complaint in the Probate Court for declaratory relief.

A judgment was entered in the declaratory judgment action but sounded an uncertain note. In the meantime, Murray had brought an action in the Superior Court to establish his right to conveyance of the property. That action is scheduled for trial in June, 1985. We think the interests of judicial economy and the parties will best be served if questions left over from the Probate Court proceedings are resolved in the pending action in the Superior Court.

A short history of, and commentary upon, the proceedings to date are desirable.

Asserting a need to raise funds to pay debts of the estate and receipt of an advantageous offer, Shirley, the administratrix, petitioned in the Probate Court for a license to sell for $325,000, or for a larger sum, an undivided one-half interest in land owned by the decedent in Chelmsford. The other one-half interest was owned by Livia. Following citation and a hearing, at which Gary T. Lagasse, son of the decedent, noted his objection, a Probate Court judge on May 18, 1984, granted a license to sell the property in question at private sale for $325,000, or for a larger sum, or at public auction, should the administratrix "think best so to do." See generally G. L. c. 202, §§ 1-10, 14, 15, 20, 20A; *Onanian* v. *Leggat,* 2 Mass. App. Ct. 623 (1974); 1 Newhall, Settlement of Estates §§ 119-129 (4th ed. 1958 & Supp. 1984); Massachusetts Probate Manual c.X, at X-3 to X-7 (2d. ed. MCLE 1983). The advantageous offer to which the petition referred was made by Murray and memorialized in a purchase and sale agreement signed by the administratrix, by Livia, by Murray, and, for what it was worth, by a daughter of the decedent.

Approximately eight months after the filing of the petition for a license to sell and about two weeks before a hearing on that petition, Livia filed a complaint in the Probate Court seeking, among other things, a declaratory judgment as to whether she, in the face of a better offer, was bound by the agreement with Murray. On a short order of notice, Livia's complaint was consolidated for hearing with the petition for a license to sell. The judge declared (although, as will appear, there is some doubt on this score) that neither Livia nor Shirley was bound and Murray appeals from that judgment. Shirley joins Murray in the appeal.

1. *Jurisdiction of the Probate Court over the declaratory judgment proceeding.* Although inarticulately stated, the major item of declaratory relief which Livia sought was whether she was obliged to perform specifically the purchase and sale agreement which she had signed.[2] That question fits into a traditional equity niche and, accordingly, a Probate Court may

_____

[2] Other matters which the complaint raised related to accounting and contribution issues among the owners of the real estate.

entertain it under the equity jurisdiction conferred by G. L. c. 215, § 6. Compare *Foster* v. *Evans,* 384 Mass. 687, 690-694 (1981), and *Konstantopoulos* v. *Whately,* 384 Mass. 123, 126-129 (1981). We are unpersuaded by Murray's arguments to the contrary. Similarly, we find no merit in Murray's position that Livia's complaint posed no controversy. Whether she might be liable to Murray in specific performance (or damages) should she sell to someone else strikes us as a conventional justiciable question. See *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge,* 320 Mass. 516, 518-519 (1946); *Willcutt* v. *Prescott,* 340 Mass. 532, 535 (1960). In event of doubt, G. L. c. 231A is to be construed broadly as to the existence of a controversy. *Pistorino & Co.* v. *Style Leather Co.,* 361 Mass. 464, 468 (1972).

2. *The license to sell.* As a postscript to his allowance of the license to sell, the judge, a month after entry of the decree, issued findings of fact and conclusions of law. None of the findings of fact or conclusions of law vitiates the decree allowing the license to sell; they do not refute the conclusion of the decree that it was expedient for the estate to sell the property and that an advantageous offer had been received. The judge's findings and conclusions may have grown out of the declaratory relief proceeding; insofar as they purport to pertain to the license to sell, they are superfluous. The judge's conclusions of law express his opinion that the purchase and sale agreement is incomplete and, therefore, unenforceable. Those conclusions are, therefore, adverse to Murray who was not — and could not have been — a party to the license to sell proceedings. Against the possibility that the findings of fact and conclusions of law might be given weight in the proceedings about that agreement now pending in Superior Court, we order that they be struck.

3. *Resolution of the declaratory judgment action.* In his first pass at a resolution of the declaratory judgment, the judge issued a document entitled "Partial Judgment." That paper "continued for trial" all substantive matters raised by the complaint, i.e., the rights of the parties in connection with the Murray purchase and sale agreement and the accounting and contribution issues among the owners of the real estate. Murray moved for entry of final judgment under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). In response, the judge revoked the "partial judgment" sua sponte and published findings of fact and conclusions of law. There followed the entry of a final judgment which may be read as a declaration that the Murray purchase and sale agreement does not bind the parties to it and a consequent refusal to get into the accounting and contribution issues.

So much of the judgment as says that the parties are not bound by the Murray agreement cannot be squared with the judge's last conclusion of law, viz., "Any rights David W. Murray may have individually against any or all of the persons interested in said Petition for Leave to Sell Real Estate [the reference, presumably, is to the proceeding in which the administratrix sought a license to sell] or the other parties to this action are subject to

determination in any suit or action at law or in equity he may choose to bring or pursue."

In addition to that fundamental inconsistency, on the basis of which we think the judgment had best be vacated, there are errors in the underlying conclusions of law. Those conclusions fail to differentiate between the position of Livia, as owner of an undivided interest in her own right, Shirley, the administratrix, as a fiduciary, and the heirs of Richard C. Lagasse. The refusal of Gary Lagasse and Sandra G. Shipko (who, on the basis of the record, approves the sale to Murray) and Rose Gendron (the life tenant) to sign the purchase and sale agreement is without consequence. Although title to realty of an intestate decedent vests immediately in the heirs, *Russo* v. *Inzirillo,* 360 Mass. 862, 863 (1971), upon grant of a license to sell, as occurred in this case, the power to sell the realty passes to the administrator who receives the license. See *Roper* v. *Murphy,* 317 Mass. 176, 178 (1944). See also *Denault* v. *Cadorette,* 298 Mass. 67, 69 (1937). Compare *Geoghegan* v. *Clay,* 362 Mass. 117, 118 (1972). Thus, the signatures of Livia and the administratrix accounted for all the necessary parties. That the agreement was undated is of no consequence since inferably it was made after the written offers made by Murray, variously dated February 12 and 16, 1983 (and accepted in writing by Livia, all the heirs and the administratrix), which contemplated execution of a purchase and sale agreement, and before Shirley on September 7, 1983, filed her petition for a license to sell, to which a copy of the agreement was appended. Nor did any of the facts found by the judge render it consequential that the date for performance set by the agreement had been passed by. The agreement, by its terms, was conditioned upon the administratrix obtaining a license to sell. Manifestly, the administratrix desired to sell on the terms expressed in the agreement, because she applied for a license to sell in accordance with that agreement. Livia, who was a party to the same agreement, was constrained to abide the resolution of the license to sell proceeding. Counsel for Livia continued to hold $20,000 in deposit checks in escrow. Murray, of course, was pressing for performance even though the scheduled closing date had come and gone. When, as here, the conduct of the parties demonstrates an intention to waive the time set for performance, *Gentile Bros.* v. *Rowena Homes, Inc.,* 352 Mass. 584, 589-590 (1967); *Flynn* v. *Wallace,* 359 Mass. 711, 715-716 (1971), the parties may set, or the court will establish for them, a reasonable time for performance. See *Epdee Corp.* v. *Richmond,* 321 Mass. 673, 675 (1947). See also *Moskow* v. *Burke,* 255 Mass. 563, 566-567 (1926); *Church of God in Christ, Inc.* v. *Congregation Kehillath Jacob,* 370 Mass. 828, 833-834 (1976).

In the background at the consolidated hearing on the petition for license to sell and the complaint for declaratory relief was evidence of an oral offer higher than Murray's. That offer bore on Livia's obligations only insofar as she was tied to an agreement conditioned upon Shirley's obtaining a license to sell. We explicated the position of a licensee who receives a bona fide higher offer on equally advantageous terms (in the instant case all cash)

in *Onanian* v. *Leggat,* 2 Mass. App. Ct. at 629-631. Should the administratrix receive a higher offer, she may bring that to the attention of the Probate Court by a motion to amend the license granted. See *Kapur* v. *Scientific Gas Prod., Inc.,* 16 Mass. App. Ct. 1004 (1983). The one-year period for performance of the license has been tolled by the actions here reviewed and an action pending in the Superior Court. See *Woods* v. *Newton,* 351 Mass. 98, 104 (1966); *Belfer* v. *Building Commr. of Boston,* 363 Mass. 439, 444-445 (1973). Contrast *Mucci* v. *Brockton Bocce Club, Inc.,* 19 Mass. App. Ct. 155, 161 (1985).

The action pending in the Superior Court in Middlesex County, No. 84-4099, is a proceeding involving Murray, as plaintiff, and as defendants, Livia, Gary, Donald Loiselle, and Shirley, which concerns the same property. In view of the fact that the judgment (as well as the judge's conclusions of law) in the declaratory relief proceeding, Prob. & Fam. Ct., Middlesex County, No. 84E0083, must be vacated for the reasons already set forth, and since the necessary parties are before the Superior Court in the related action, it is appropriate that the declaratory relief proceeding be remanded for hearing in connection with Middlesex Superior Court No. 84-4099. The Superior Court judge shall be free to make additional findings of fact. The plaintiff in the Superior Court action shall present a motion to the Chief Administrative Justice that the Superior Court judge who hears No. 84-4099 shall be assigned to sit as a Probate Court judge as well so that all matters are appropriately consolidated in a single forum. See *Konstantopoulos* v. *Whately,* 384 Mass. at 129-130. In the petition for license to sell proceeding, Prob. & Fam. Ct., Middlesex County, No. 540439, the findings of fact and conclusions of law are struck; the grant of license is to stand. Neither party shall have costs of the appeal.

*So ordered.*

*Edward Woll, Jr.,* for David W. Murray.
*Robert P. Sullivan* for Shirley Lagasse.
*John C. McCullough* for Donald J. Loiselle.